UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

FILED
JUN 08 2017
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

DEBORA WALTON, )
)
      Plaintiff, ) Cause No.
)
vs. )
)
FIRST MERCHANTS BANK )
) 1:17-cv-1888 JMS -MPB
)
      Defendant. )
)

# COMPLAINT
# AND DEMAND FOR JURY TRIAL

Plaintiff, Debora Walton, pro se ("Plaintiff"), as and for her complaint, alleges as follows:

Violates Regulation E, including 12 C.F.R. 205.1, 12 C.F.R 205.2, 12 C.F.R 205.3, 12 C.F.R 205.4, 12 C.F.R 205.5, 12 C.F.R 205.6, 12 C.F.R 205.7 and 12 C.F.R 205.8, and the Electronic Funds Transfer Act, including 15 U.S.C. § 1693c and 1693 *et seq.*; and Charges, Overdraft Fees for purchases when First Merchants Bank never had to pay out more funds than were in the customer's checking account, Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. (the "TCPA"), and breach of business contract.

## JURISDICTION

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1693 *et. seq.* and 47 U.S.C. § 227 *et. seq.*

## VENUE

2. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Debora Walton, is an adult individual residing in Carmel, Indiana, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant First Merchants Bank ("First"), is an Indiana business entity with an address of 200 E. Jackson Street, Muncie, IN 47305, and is a "person" as defined by 47 U.S.C. § 153(39).

## INTRODUCTION

5. This is an action brought by an individual consumer for actual and statutory damages, legal fees and costs pursuant to the:

   a. Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA");
   b. Violates Regulation E, including 12 C.F.R 205.7; 12 C.F.R. 205.9 and 12 C.F.R. 205 et, and the Electronic Funds Transfer Act, including 15 U.S. C. § 1693c; and § 1693 et. seq.;
   c. Charges Overdraft Fees for purchases when First Merchants Bank never had to pay out more funds than were in the customer's checking account;
   d. Fraudulent charging fees on fees they charged the Plaintiff for services never ordered nor never received;
   e. Fails to properly disclose its overdraft policies, including its Daily Overdraft Fee Polices;
   f. Breaches its contract with customers by charging Overdraft Fees when no over-draft has occurred;
   g. Breaches its contract that the Plaintiff secured with a Bank, First Merchants acquired.

## **FACTUAL ALLEGATIONS**

6. First Merchants Bank, charged Overdraft fee to the Plaintiff, without there being authority to do so, and fees charged without merit, and was not triggered by checks, debits, nor ACH transactions.

7. First Merchants Bank, charged the Plaintiff with a monthly fee for services never rendered nor requested.

8. First Merchants Bank Failed to properly disclose its overdraft policies, including its Daily Overdraft Fee Polices;

9. First Merchants Bank, breached a business contract between the Plaintiff and a prior contract entered into by a Bank purchased by First Merchants Bank.

10. First Merchants violated TCPA, by constantly calling the Plaintiff's cell phone with an automated voice recording, especially when the Plaintiff had requested the calls stop and directly ask the V.P. and Branch Manager to please make the calls stop.

11. Closing the Plaintiff's accounts without merit, and cut all communications with the Plaintiff concerning her personal and business accounts not limited to any open loans and financial responsibilities the Plaintiff continues to maintain.

## **COUNT I**
### **Breach of Business and Consumer Contracts**

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Breach of Business Contract and Consumer Contract, according to Indiana Business Law. Making changes and a payment schedule to an existing Loan that was generated by a Lending Institution that First Merchants Bank acquired. First Merchants never provided disclosures of any changes to the Loan contracts nor notice to the Plaintiff about the terms of the changes to the Loan contracts.

## COUNT II
### Violations of Regulation E

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Violates Regulation E, including 12 C.F.R 205.*et, seq.* and the Electronic Funds Transfer Act, including 15 U.S. C. § 1693c; and § 1693 *et. seq.*;, by charging the Plaintiff unauthorized fees.   First Merchants Bank, accessed unauthorized charges to the Plaintiff's checking account, which throw the account in the negative, in the amouf of -$1.08, then consistently charging the Plaintiff $8.00 per day.  First Merchant Bank unilaterally closed the Plaintiff's accounts when she disputed the charges and ask for a disclosure of the authority the Bank had to access the charges.

## COUNT III
### VILOATIONS OF THE TCPA – 47 U.S.C. § 227,*et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein;

15. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer. in direct violation according to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA");

16. In expanding on the prohibitions off the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022.  The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear, 'dead air' or a dial tone, causing frustration."

4

*Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer doses not record the call as having been abandoned. " *Id.*

17. Defendant's telephone system(s) have some earmarks of a predictive dialer.

18. When Plaintiff answered calls from Defendant, she heard silence before Defendant's telephone system would connect her to the next available representative or disconnect the call.

19. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Defendant placed automated calls to Plaintiff's cellular telephone number dispute knowing that it lacks consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(30(C)

21. The telephone number called by Defendant was assigned to cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

22. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

23. The calls from Defendant to Plaintiff was not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

25. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227©(3)(B) and 47 U.S.C. § 227)b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that judgment be awarded in his favor and against Defendant as follows:

1. A finding that the Defendants violated the Regulation E and/or an admission from the Defendant that it violated the 12 C.F.R 205 *et. seq.* for Actual Damages, Statutory Damages, Reasonable Attorneys Fees, Cost pursuant Regulation E guidelines;

2. Actual damages;

3. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

4. Treble damages for each violation determined to be willful and/or knowing pursuant to t pursuant to 47 U.S.C. § 227(b)(3)(C); and

5. Such other and further relief as the Court deems just and proper.

June 8, 2017

Respectfully submitted,

Debora Walton
P.O. Box 598
Westfield, IN 46074

Request and Demand for a Jury Trail

Debora Walton, pro se