UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEBORA WALTON,

        Plaintiff,

v.

FIRST MERCHANTS BANK,

        Defendant.

Civil Action No. 1:17-cv-1888 JMS-MPB

## ANSWER OF DEFENDANT FIRST MERCHANTS BANK TO FIRST AMENDED COMPLAINT

Defendant First Merchants Bank ("Defendant"), by counsel, for its answer to Plaintiff Debora Walton's ("Plaintiff") First Amended Complaint and Demand for Jury Trial, states as follows. Defendant denies the allegations in Plaintiff's preamble. All allegations are generally denied unless expressly admitted.

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1693 et. seq. and 47 U.S.C. § 227 et. seq.

**ANSWER**: Defendant admits the allegations in Paragraph 1 of the Complaint.

### VENUE

2. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**ANSWER**: Defendant admits the allegations in Paragraph 2 of the Complaint.

## PARTIES

3.     The Plaintiff, Debora Walton, is an adult individual residing in Carmel, Indiana, and is a "person" as defined by 47 U.S.C.§ 153(39).

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint.

4.     The Defendant First Merchants Bank ("First"), is an Indiana business entity with an address of 200 E. Jackson Street, Muncie, IN 47305, and is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**: Defendant admits the allegations in Paragraph 4 of the Complaint.

## INTRODUCTION

5.     This is an action brought by an individual consumer for actual and statutory damages, legal fees and costs pursuant to the:

    a.  Telephone Consumer Protection Act, 47 U.S.C.§ 227, et seq. (the "TCPA");
    b.  Violates Regulation E, including 12 C.F.R 205.7; 12 C.F.R. 205.9 and 12 C.F.R. 205 et, and the Electronic Funds Transfer Act, including 15 U.S.C. § 1693c; and § 1693 et. seq.;
    c.  Charges Overdraft Fees for purchases when First Merchants Bank never had to pay out more funds than were in the customer's checking account;
    d.  Fraudulent charging fees on fees they charged the Plaintiff for services never ordered nor never received;
    e.  Fails to properly disclose its overdraft policies, including its Daily Overdraft Fee Polices;
    f.  Breaches its contract with customers by charging Overdraft Fees when no overdraft has occurred;
    g.  Breaches its contract that the Plaintiff secured with a Bank, First Merchants acquired.

**ANSWER**: Defendant denies the allegations in Paragraph 5 of the Complaint.

**FACTUAL ALLEGATIONS**

6. First Merchants Bank, charged Overdraft fee to the Plaintiff, without there being authority to do so, and fees charged without merit, and was not triggered by checks, debits, nor ACH transactions.

**ANSWER**: Defendant denies the allegations in Paragraph 6 of the Complaint.

7. First Merchants Bank, charged the Plaintiff with a monthly fee for services never rendered nor requested.

**ANSWER**: Defendant denies the allegations in Paragraph 7 of the Complaint.

8. First Merchants Bank Failed to properly disclose its overdraft policies, including its Daily Overdraft Fee Polices;

**ANSWER**: Defendant denies the allegations in Paragraph 8 of the Complaint.

9. First Merchants Bank, breached a business contract between the Plaintiff and a prior contract entered into by a Bank purchased by First Merchants Bank.

**ANSWER**: Defendant denies the allegations in Paragraph 9 of the Complaint.

10. First Merchants violated TCPA, by constantly calling the Plaintiffs cell phone with an automated voice recording, especially when the Plaintiff had requested the calls stop and directly ask the V.P. and Branch Manager to please make the calls stop.

**ANSWER**: Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Closing the Plaintiff's accounts without merit, and cut all communications with the Plaintiff concerning her personal and business accounts not limited to any open loans and financial responsibilities the Plaintiff continues to maintain.

**ANSWER**: Defendant denies the allegations in Paragraph 11 of the Complaint.

## COUNT I
## BREACH OF BUSINESS AND CONSUMER CONTRACTS

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER**: Defendant restates all admissions and denials in the proceeding Paragraphs as if fully rewritten herein.

13. Breach of Business Contract and Consumer Contract, according to Indiana Business law. Making changes and a payment schedule to an existing loan that was generated by a Lending Institution that First Merchants Bank acquired. First Merchants never provided disclosures of any changes to the loan contracts nor notice to the Plaintiff about the terms of the changes to the loan contracts. Exhibit "A" (Ameriana Banks Loan Contract)

**ANSWER**: Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Indiana has a Uniform Arbitration Act under Indiana Code 34-57-2, however; the chapter specifically exempts from its coverage all consumer leases, sales, and loan contracts. Exhibit "B" (Walton Affidavit)

**ANSEWR:** Defendant admits only that the Indiana Uniform Arbitration Act is the best evidence of its content. Defendant denies the remaining allegations in Paragraph 14.

## COUNT II
## VIOLATIONS OF REGULATION E

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER**: Defendant restates all admissions and denials in the proceeding Paragraphs as if fully rewritten herein.

16. Violates Regulation E, including 12 C.F.R 205.et, seq. and the Electronic Funds Transfer Act, including 15 U.S. C. § 1693c; and § 1693 et. seq.;, by charging the Plaintiff unauthorized fees. First Merchants Bank, accessed unauthorized charges to the Plaintiff's checking account, which throw the account in the negative, in the amount of -$1.08, then consistently charging the Plaintiff $8.00 per day. First Merchant Bank unilaterally closed the Plaintiff's accounts when she disputed the charges and ask for a disclosure of the authority the Bank had to access the charges. Exhibit "C" (Letter from First Merchants Bank); Exhibit "D" (First Merchants Banks Disclosures).

**ANSWER**: Defendant denies the allegations in Paragraph 16 of the Complaint.

## COUNT III
## VILOATIONS OF THE TCPA - 47 U.S.C. § 227,et seq.

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein;

**ANSWER**: Defendant restates all admissions and denials in the proceeding Paragraphs as if fully rewritten herein.

18. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer. in direct violation according to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA");

**ANSWER**: Defendant denies the allegations in Paragraph 18 of the Complaint.

19. In expanding on the prohibitions off the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call..."2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed

by a predictive dialer, the consumer answers the phone only to hear, 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer doses not record the call as having been abandoned. " *Id.*

**ANSWER**: Defendant admits only that an FCC order is the best evidence of its actual content. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20. Defendant's telephone system(s) have some earmarks of a predictive dialer.

**ANSWER**: Defendant denies the allegations in Paragraph 20 of the Complaint.

21. When Plaintiff answered calls from Defendant, she heard silence before Defendant's telephone system would connect her to the next available representative or disconnect the call.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

22. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

**ANSWER**: Defendant admits only that it has the ability to store and produce telephone numbers to be called. Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendant placed automated calls to Plaintiffs cellular telephone number dispute knowing that it lacks consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C.§ 227(b)(30(C).

**ANSWER**: Defendant denies the allegations in Paragraph 23 of the Complaint.

24. The telephone number called by Defendant was assigned to cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

**ANSWER**: Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. The calls from Defendant to Plaintiff was not placed for "emergency purposes" as defined by 47 U.S.C.§ 227(b)(1)(A)(i).

**ANSWER**: Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER**: Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227©(3)(B) and 47 U.S.C.§ 227)b)(3)(C).

**ANSWER**: Defendant denies the allegations contained in Paragraph 28 of the Complaint.

## COUNT IV
### VIOLATED INDIANA LAW PROHIBITING ROBO CALLING

29. A. I.C. sec. 24-5-14-5 is titled "Restrictions on the use of automated dialing-announcing device," provides:

"(a) This section does not apply to any of the following messages:

    (1) Messages from school districts to students, parents, or employees.

    (2) Messages to subscribers with whom the caller has a current business or personal relationship.

    (3) Messages advising employees of work schedules.

(b) A caller may not use or connect to a telephone line an automatic dialing-announcing device unless:

    (1) the subscriber has knowingly or voluntarily requested, consented to, permitted, or authorized receipt of the message; or

    (2) the message is immediately preceded by a live operator who obtains the subscriber's consent before the message is delivered."

Under the statute, a "subscriber" means "a person who has subscribed to the telephone service from a telephone company; or….other persons living or residing with the subscribing person." I.C. sec. 24-5-14-4. The United States Court of Appeals for the Seventh Judicial Circuit construed this statute in a case issued on January 3, 2017. As Judge Easterbrook, writing for a unanimous panel, noted that the Federal government "and states such as Indiana have adopted limits on a particular calling technology, the robo call, that many recipients find obnoxious because there's no live person at the other end of the line. The lack of a live person makes the calls frustrating for the recipient but cheap for the caller, which multiplies the number of these aggravating calls in the absence of legal controls." *Patriotic Veterans, Inc. v. Zoeller*, 845 F.3d 303, 306 (7th Cir. 2017). The Seventh Circuit held that Indiana's robo call statute does not violate First Amendment protections for free speech. A caller who violates this statute "commits a

deceptive act that is…subject to the remedies and penalties under IC 24-5-0.5-4(d), IC 24-5-0.5-4(f), IC 24-5-0.5-4(g), and IC 24-5-0.5-8." attached [*sic*].

**ANSWER:** Defendant admits only that the Indiana Code and the Seventh Circuit's decision in *Zoeller* are the best evidence of the actual content. Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

## ADDITIONAL DEFENSES

1. Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because Defendant does not use an automated telephone dialing system.

3. Plaintiff's claims are barred because Plaintiff, or another customary user, provided consent to receive calls from Defendant.

4. Plaintiff's claims are barred because Plaintiff was not damaged, and/or actually injured, by the alleged conduct of Defendant and thus has no standing to bring her claims.

5. Plaintiff's claims are barred because Defendant called Plaintiff for an emergency purpose.

6. Plaintiff's claims are barred because Defendant is permitted to one call to a reassigned number.

7. Plaintiff's claims are barred because she consented to the actions of Defendant.

8. Plaintiff's claims are barred by Plaintiff's misrepresentation or fraud.

9. Plaintiff's claims are barred by Plaintiff's failure to mitigate her alleged damages.

10. Plaintiff's claims are barred because Plaintiff had a preexisting business relationship with Defendant.

11. Plaintiff's claims are barred because Defendant does not use an automatic dialing-announcing device.

12. Defendant reserves the right to rely on any other defenses that may that become available during the discovery proceedings in this case and reserves the right to amend its answer to assert any such defense.

WHEREFORE, Defendant having fully answered the Complaint, seeks judgment in its favor on all counts in the Complaint, as well as any other relief this Court may deem just and equitable, including an award of attorney fees.

Respectfully submitted,

/s/ David O. Tittle
David O. Tittle, No. 857-49
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN  46204
Telephone:  (317) 968-5418
Facsimile:  (317) 236-9907
dtittle@bgdlegal.com

Alex S. Rodger, *Pro Hac Vice*
BINGHAM GREENEBAUM DOLL LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, OH 45202
Telephone:  (513) 455-7606
Facsimile:  (513) 455-8500
ARodger@bgdlegal.com

*Attorneys for Defendant, First Merchants Bank*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing has been deposited in the U.S. Mail, first class postage prepaid, on August 23, 2017, addressed to the following:

Debora Walton
P.O. Box 598
Westfield, IN  46074

                                                */s/ David O. Tittle*

*18662092_1*