**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORA WALTON,<br><br>                Plaintiff,<br><br>v.<br><br>FIRST MERCHANTS BANK,<br><br>                Defendant. | Civil Action No. 1:17-cv-1888 JMS-MPB |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

Pursuant to Rules 26, 33, 34, and 3 of the Federal Rules of Civil Procedure, Defendant First Merchants Bank ("Defendant"), through counsel, hereby answers the Interrogatories, Requests for Production of Documents and Requests for Admissions (collectively "Requests") propounded to it by Plaintiff, Debora Walton ("Plaintiff"), as follows:

### GENERAL OBJECTIONS

The following general objections are made to each interrogatory. Where a specific objection is asserted in any Request, that assertion is not intended to and does not waive any other objections as to that Request.

Defendant objects to Plaintiff's Requests in their entirety to the extent that the interrogatories seek information that is not relevant to any party's claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Defendant objects to Plaintiff's Requests in their entirety to the extent that the Requests seek information that is privileged at common law or by statute, or that constitutes privileged communications between attorney and client, or that constitutes work product. Fed. R. Civ. P.

19267450.1

26(b)(3). Such material or information shall not be provided, and any inadvertent disclosure of material or information protected by the attorney-client privilege, the work-product doctrine, or any other privilege or protection from discovery is not intended and should not be construed to constitute a waiver, either generally or specifically, with respect to such information or material or the subject matter thereof. All of the responses to the discovery requests are subject to objections as to privilege, and, by making these responses, Defendant is not waiving or failing to assert any privilege available to it.

Defendant objects to Plaintiff's Requests in their entirety to the extent that the interrogatories are overbroad, unduly burdensome, harassing or oppressive. Fed. R. Civ. P. 26(b)(1) and (c).

Defendant objects to Plaintiff's Requests to the extent that they call for information that could have been obtained more efficiently by other means of discovery and to the extent that they call for a lengthy factual narrative or itemization. Fed. R. Civ. P. 26(b)(1) and (c).

Defendant objects to Plaintiff's Requests in their entirety to the extent that the interrogatories seek information that constitutes or relates to the trade secrets or other confidential research, development or confidential information. Fed. R. Civ. P. 26(c).

Defendant objects to Plaintiff's Requests in their entirety to the extent that the interrogatories seek information already in Plaintiff's possession or are more easily obtainable through third parties or other sources. Fed. R. Civ. P. 26(c).

Defendant objects to Plaintiff's Requests in their entirety to the extent that they can be answered by the production of business records. Fed. R. Civ. P. 33(d) states that a party may provide business records where the answer to an interrogatory may be derived or ascertained from the business records of a party upon whom the interrogatory has been served.

19267450.1

Defendant objects to Plaintiff's Requests in their entirety to the extent that they seek information that is beyond the scope of Defendant's knowledge or in the possession, custody or control of any person other than Defendant.

Defendant objects to Plaintiff's Requests in their entirety to the extent that they do not identify the requested information with reasonable particularity. Fed. R. Civ. P. 26(c).

Defendant objects to Plaintiff's interrogatories in their entirety to the extent that they are cumulative or duplicative. Fed. R. Civ. P. 26(c).

Defendant objects to Plaintiff's Requests in their entirety to the extent that they require words or phrases to be interpreted in a manner different from or inconsistent with their ordinary and customary meaning.

Defendant objects to the extent that Plaintiff's Requests purport to impose obligations upon Defendant beyond the requirements of the Federal Rules of Civil Procedure.

Defendant reserves the right at any time to revise, correct, supplement, add to or clarify its objections or responses, and the failure to make any general or specific objection shall not be deemed a waiver of any such objection. Fed. R. Civ. P. 26(e).

All of Defendant's General Objections shall be continuing throughout the responses to the specific requests set forth below, even when not further referred to in those responses.

19267450.1

## **INTERROGATORIES**

1. State the full name of the individual(s) aiding in answering these Interrogatories or the concurrently served Requests for Admissions or Requests for Production, including addresses, telephone numbers, employers, and relationship to you.

**RESPONSE: Chris Horton, Vice President-Credit Control Manager. Mr. Horton can be reached through counsel.**

2. When did First Merchants Bank change the terms of Deborah Walton Loy Line of Credit Loans.

**RESPONSE: Objection. Plaintiff is limited to 25 Interrogatories without leave of Court to serve additional Interrogatories. Further objecting, this Interrogatory is vague and ambiguous. Without waiving objections, the First Merchants did not change the terms of Deborah Walton Loy Line of Credit Loans.**

3. When did First Merchants bank receive return mail back from the U.S. Postal Service sent to Deborah Walton Loy.

**RESPONSE: Objection. Plaintiff is limited to 25 Interrogatories without leave of Court to serve additional Interrogatories. Without waiving objections, the only returned mail that First Merchants received was when Walton refused to sign for certified mail.**

19267450.1

4. Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in plaintiff's Complaint or concerning any of the events which are the subject(s) of any defense(s) you have raised to this lawsuit.

**RESPONSE: Objection. Plaintiff is limited to 25 Interrogatories without leave of Court to serve additional Interrogatories. Without waiving objections, First Merchants has produced the documents related to closing the accounts. The documents are the best evidence of their content. Further answering, June 30, 2017.**

## REQUEST FOR PRODUCTION

1. Produce telephone recordings between Deborah Walton Loy and First Merchants Bank employees.

**RESPONSE: See previous production.**

2. Produce all screen shot of Loan codes and Auto Dial calls made to Deborah Walton Loy.

**RESPONSE: Objection. This Request is vague and ambiguous. Further objecting, this Request seeks privileged work product.**

3. Produce all consent forms that First Merchants Bank has in their possession, that were signed by Deborah Walton Loy.

**RESPONSE: See previous production.**

19267450.1

4. Produce all Disclosures of changes to Loan(s) that were issued to Deborah Walton Loy, and that were sent to Deborah Walton Loy.

**RESPONSE: Objection. This Request is vague and ambiguous. Without waiving objection, see previous production.**

5. Produce any recordings of any telephone conversations between Deborah Walton Loy and First Merchants Bank employees, Managers and V.P. of the Bank.

**RESPONSE: See previous production.**

6. Produce a complete transcript for each call you recorded between Deborah Walton Loy and First Merchants Bank employees, Managers, and V.P. of the bank.

**RESPONSE: Objection. This request is unduly burdensome and is not relevant to any party's claims or defenses and is not proportional to the needs of the case. Without waiving objections, see previous production.**

7. Produce all bank statements that were not produced prior to the Deposition of Chris Horton.

**RESPONSE: First Merchants will supplement this response.**

19267450.1

8. Produce all documents that show the dates of the Ameriana checking accounts opened by Deborah Walton Loy, that were closed by First Merchants Bank.

**RESPONSE: Objection. This Request is vague and ambiguous. Without waiving objection, see document previously produced.**

## REQUEST FOR ADMISSIONS

1. Admit First Merchants Bank has a signed Consent Form to contact Deborah Walton Loy on her home phone and cell phones.

**RESPONSE: Objection. This Request is vague and ambiguous. Further objecting, Consent Form is a defined term without a definition. Without waiving objection, First Merchants admits that Walton consented to be contacted.**

2. Admit First Merchants Bank had Deborah Walton Loy sign a Consent Form to contact her on her home phone and cell phones.

**RESPONSE: Objection. See response to Request No. 1.**

3. Admit that when First Merchants Bank became the Successor of Ameriana Bank, they received a Consent Form from Ameriana Bank for Deborah Walton Loy to contact her on her home phones and cell phones.

**RESPONSE: Objection. See response to Request No. 1.**

19267450.1

4.  Admit First Merchant Bank received return mail that was sent to Deborah Walton Loy. .

**RESPONSE: Objection. This Request is vague and ambiguous. Without waiving objection, First Merchants admit that Walton refused to sign for certified mail.**

5.  Admit First Merchants Bank provided Disclosures to Deborah Walton Loy when they closed all of her checking accounts that were opened at Ameriana Bank.

**RESPONSE: Objection. This Request is vague and ambiguous. Further objecting, Disclosures is a defined term without a definition. Without waiving objection, First Merchants admits that it provided Walton with its Terms and Conditions.**

6.  Admit that First Merchants Bank changed the terms of Deborah Walton Loy Line of Credit Loan..

**RESPONSE: Objection. This Request is vague and ambiguous. Without waiving objection, First Merchants denies Request No. 6.**

19267450.1

Respectfully submitted,

/s/ Alex S. Rodger
David O. Tittle, No. 857-49
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
Telephone: (317) 968-5418
Facsimile: (317) 236-9907
dtittle@bgdlegal.com

Alex S. Rodger, *Pro Hac Vice*
BINGHAM GREENEBAUM DOLL LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, OH 45202
Telephone: (513) 455-7606
Facsimile: (513) 455-8500
ARodger@bgdlegal.com

*Attorneys for Defendant, First Merchants Bank*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served on the following via electronic mail this 26th day of April, 2018.

Debora Walton

/s/ Alex S. Rodger

19267450.1