UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORA WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-01888-JMS-MPB |
| ) | |
| FIRST MERCHANTS BANK, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SANCTIONS**

**I.   Introduction**

Plaintiff, Deborah Walton, *pro se*, has filed a motion for sanctions against Defendant, First Merchants Bank, pursuant to 28 U.S.C. § 1927, Fed. R. Civ. P. 26(g), and Fed. R. Civ. P. 37. Plaintiff asserts that Defendant's actions in discovery have constituted a "flagrant violation" to "deliberately attempt to mislead the court and the Plaintiff." (Docket No. 50 at ECF p. 3). Plaintiff requests the court sanction Defendant and counsel for this purported misconduct.

For the reasons that follow, the undersigned recommends Walton's *Motion for Sanctions* (Docket No. 50) be denied and recommends Defendant's requests to recover costs and fees in responding to the motion also be denied.

**II.  Background**

Prior to the institution of this matter Walton was a customer of First Merchants Bank. On May 25, 2017, prior to this action, First Merchants sent a letter to Walton notifying her that the demand draft accounts that she held with First Merchants were being closed.

Walton subsequently filed suit and served written discovery requests. First Merchants produced documents and recordings. Within the responsive documents were Terms and Conditions included in the letter terminating Walton's accounts and Terms and Conditions of

1

First Merchants that had been updated. (Docket No. 54-3). In addition, First Merchants inadvertently produced a single page including an email by and between First Merchants Vice President and General Counsel to a bank employee, his client—which was sent after this litigation began—that also contained the General Counsel's handwritten notes. The Court ordered that this was privileged material and entered a protective order. (Docket No. 125).

**III. Conclusions of Law**

    **A. Standard**

Plaintiff has moved for sanctions pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 37, and Federal Rule of Civil Procedure 26(g). The Seventh Circuit has instructed district courts to consider four factors when deciding whether to sanction discovery violations:

    (1) The prejudice or surprise to the party against whom the evidence is being offered;
    (2) The ability of the party to cure the prejudice;
    (3) The likelihood of disruption to the trial; and
    (4) The bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*Judson Atkinson Candies, Inc. v. LatiniHohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) (internal citation omitted).

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Fed. R. Civ. P. 26(g) applies to improper certification of discovery responses by counsel. The Rule requires an attorney, or the party personally, if unrepresented, certify that every discovery request, response, or objection is:

    (i)    consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

    (ii)    not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

    (iii)    neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B)(i)-(iii).

Fed. R. Civ. P. 37 permits sanctions for different types of failures to cooperate with discovery through several of its subdivisions. Plaintiff does not specify under what subdivision her motion seeks relief. Subdivision (b) permits sanctions for failure to comply with a court order. Specifically, it provides for sanctions if:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.

Fed. R. Civ. P. 37(b)(2)(A).

Subdivision (d) permits sanctions for a party's failure to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection. Specifically, it provides that:

> (A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
>   (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or
>   (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
> (B) *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to

>act in an effort to obtain the answer or response without court action.

Fed. R. Civ. P. 37(d)(1)(A)-(B).

## B. Plaintiff's Motion for Sanctions (Docket No. 50)

It is unclear from Plaintiff's motion what precise Defendant conduct she asserts is sanctionable. It appears Plaintiff believes that Defendant withheld applicable Terms and Conditions in discovery or that Plaintiff believes that Defendant's request to return certain documents originally disclosed in discovery is sanctionable, or both. (Docket No. 50).[1]

First Merchants has represented, on several occasions, that it has produced the documents it reasonably believes Walton sought in her discovery requests. (Docket No. 54 at ECF p. 3). *See also* (Docket No. 71). The Court has previously reminded Plaintiff that parties cannot rely on documents not disclosed in discovery and, moreover, without a reasonable basis for believing that a party has withheld responsive documents there can be no prejudice, disruption of trial, or bad faith at issue.

Sanctions pursuant to 28 U.S.C. § 1927 is directed to vexatious and frivolous litigation. The two acts Plaintiff asserts are sanctionable (1) withholding applicable Terms and Conditions and (2) requesting the return of inadvertently disclosed material, which the Court has subsequently found to be privileged and entered a Protective Order are not factually accurate. Even if they were, based on the facts presented to the Court they do not rise to the level of vexatious and frivolous litigation. *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir. 2016) ("If

---

[1] Despite this motion being fully briefed with a motion, response, reply, and (inappropriately filed sur-reply), Plaintiff filed an extremely belated supplement to this motion on July 31, 2018 (Docket No. 120), which was approximately four months after the original motion had been filed. Such a belated filing, without leave or explanation, is inappropriate and will not be considered by the Court in this report and recommendation on sanctions.

4

a lawyer pursues a path a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious."). Thus, it is recommended that sanctions are not appropriate under 28 U.S.C. § 1927.

Sanctions under Fed. R. Civ. P. 26(g) are focused on improper certifications. The basis for Walton's requested sanctions is the unsubstantiated premise that First Merchants, and its counsel through his certification, withheld applicable Terms and Conditions in discovery. Given Walton has not alleged any facts supporting an allegation that First Merchants' counsel's certification violated Fed. R. Civ. P. 26(g)(1)(B), it is recommended that sanctions are not appropriate pursuant to Fed. R. Civ. P. 26(g).

Finally, sanctions under Fed. R. Civ. P. 37 are focused on discovery failures. Subdivision (b) focuses on failure to comply with a Court Order. Given Walton has not alleged any facts supporting an allegation that First Merchants or its counsel violated a Court Order, it is recommended that sanctions are not appropriate pursuant to Fed. R. Civ. P. 26(g). Subdivision (d) focuses, in relevant part, on failures to reply to interrogatories and requests for production— among other filings. This subdivision requires a movant to certify that she "has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action. Fed. R. Civ. P. 37(d)(1)(B). Unlike S.D. Ind. Local Rule 37-1, the Federal Rules do not contemplate an exception for *pro se* litigants as to this "meet and confer" certification requirement and one was not included within Plaintiff's filing. Moreover, Rule 37(d)(1)(A)(ii) contemplates a complete failure to respond as opposed to an incomplete response, as is evidenced by the plain language of the subdivision and because subdivision (a) includes an exception that incomplete response does constitute a failure to respond *for that subdivision only*. See Fed. R. Civ. P. 37(a)(4). Subdivision (d) includes no such exception and Plaintiff has only

5

alleged an (unsubstantiated) incomplete disclosure not an overall failure to respond. And, again, Defendant has indicated it has fully responded to Plaintiff's discovery requests.

Defendant requests an order requiring Plaintiff to pay its reasonable expenses in opposing this motion for sanctions pursuant to Rule 37(a)(5)(B). Rule 37(a)(5)(B) provides that when a movant files a motion for an order compelling disclosure or discovery and that motion is denied, then, the court must "require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." However, Plaintiff's motion was not a motion to compel brought pursuant to subdivision (a) and, therefore, reliance on this section for fees is inappropriate. Moreover, the Court recently addressed the abundant, pending discovery motions in this matter—many of which were related to the underlying facts of this motion, including Defendant's motion for protective order (Docket No. 67)—and permitted Defendant to file Notices regarding attorney fees for preparing and/or responding to those motions as appropriate. (Docket No. 125). Given that the motions required very similar factual analyses and legal research and that subdivision (a) is not an appropriate section to seek relief in responding to this particular motion, it is not recommended that Defendant's be awarded attorney fees in responding to this motion. In making this recommendation, it should also be noted Defendant improperly filed a surreply (Docket No. 59) without leave of court, unnecessarily accruing additional time invested in the matter.

### IV.    Conclusion

For the above reasons, the undersigned recommends that Plaintiff's *Motion for Sanctions* (Docket No. 50) be denied and Defendant's request for attorney fees in responding to the motion also be denied.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO ORDERED.**

**Dated:** August 6, 2018

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distribution:

DEBORA WALTON
P.O. Box 598
Westfield, IN 46074

Alex S Rodger
BINGHAM GREENEBAUM DOLL LLP
ARodger@bgdlegal.com

David O. Tittle
BINGHAM GREENEBAUM DOLL LLP
dtittle@bgdlegal.com