UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORA WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-01888-JMS-MPB |
| | ) |
| FIRST MERCHANTS BANK, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Debora Walton, who is proceeding *pro se*, asserts claims against Defendant First Merchants Bank ("FMB") related to several accounts she held at FMB. This litigation, which was filed a little over sixteen months ago and so far has yielded over 180 docket entries, has been plagued with numerous discovery disputes. These disputes have frequently resulted in duplicative filings by Ms. Walton, and this Order discusses two such filings.

**I.**
**BACKGROUND**

On August 6, 2018, the Magistrate Judge entered an Order on Discovery Conference, in which he ruled on nine pending motions. [Filing No. 125.] Ms. Walton takes issue with three aspects of that Order: (1) the Magistrate Judge's denial of Ms. Walton's Motion to Compel First Merchants' (sic) Bank to Produce Documents, [Filing No. 64], and his grant of FMB's attorneys' fees and costs in connection with responding to the Motion to Compel, [Filing No. 125 at 1]; (2) the Magistrate Judge's grant of FMB's Motion to Compel Deposition of Plaintiff and for the Production of Documents, [Filing No. 125 at 3-4]; and (3) the Magistrate Judge's grant of FMB's

attorneys' fees and costs in connection with its Motion for Protective Order related to Ms. Walton's refusal to return an inadvertently-produced document, [Filing No. 125 at 2].

Ms. Walton has filed two pleadings related to the Magistrate Judge's August 6, 2018 Order: (1) her Verified Motion Under Fed T.R. 60(B)1 and 60(B)3 for Relief From Order Entered on August 3 (sic), 2018, [Filing No. 131]; and (2) her Appeal Objecting to the Magistrates (sic) Order Entered August 6, 2018, [Filing No. 144]. The Court addresses each in turn.

## II.
### DISCUSSION

### A. Ms. Walton's Motion for Relief From Order (Dkt. 131)

In her Motion for Relief From Order, Ms. Walton argues that the Magistrate Judge improperly awarded FMB attorneys' fees and costs in connection with her Motion to Compel, in which she requested that FMB provide "signed TCPA Consent Forms that [FMB] allege[s] [Ms. Walton] signed." [Filing No. 64 at 5; Filing No. 131 at 3.] She notes that she "emailed [FMB's counsel] 8 times requesting the signed Consent Form, and called him at least once, requesting the signed Consent Form and signature for the Admissions…." [Filing No. 131 at 3.] She argues that she also sent him a letter requesting that he provide the signed consent form, but "the letter was ignored, and no response was never received by [her]." [Filing No. 131 at 4.] Ms. Walton vaguely claims that FMB's counsel "submit[ed] a false statement" at an August 3, 2018 conference with the Magistrate Judge, and asserts that FMB never produced a signed consent form during discovery or at any other time during the litigation. [Filing No. 131 at 5.] Ms. Walton also argues that the Magistrate Judge improperly granted FMB's Motion to Compel Deposition of Plaintiff and for the Production of Documents because she did not receive a copy of the motion by the time the Magistrate Judge issued his ruling. [Filing No. 131 at 6-7.] Ms. Walton relies upon Fed. R. Civ. P. 60 as the basis for her motion. [Filing No. 131 at 6.]

2

FMB responds that Ms. Walton has filed seven objections/responses to the Magistrate Judge's August 6, 2018 Order, including an appeal to the Seventh Circuit.[1] [Filing No. 147 at 1-2.] It asserts that Fed. R. Civ. P. 60 applies to relief after a final judgment or final order, and not to a ruling on a discovery matter, so Ms. Walton's motion should be denied since she proceeds under the incorrect rule. [Filing No. 147 at 2-3.] It argues that, even if Ms. Walton's motion is treated as an objection under Rule 72, it is meritless because the Magistrate Judge's ruling was correct. [Filing No. 147 at 3-4.]

In her reply, Ms. Walton simply argues that she can appeal the Magistrate Judge's Order under Fed. R. Civ. P. 72. [Filing No. 152 at 1.]

Fed. R. Civ. P. 60(b), upon which Ms. Walton originally based her motion, provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud…, misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b) applies only to final orders, entered at the end of a case, and not to interlocutory orders such as the Magistrate Judge's August 6, 2018 Order. *See Mintz v. Caterpillar Inc.*, 788

---

[1] On October 25, 2018, the Seventh Circuit Court of Appeals dismissed Ms. Walton's appeal of the Magistrate Judge's August 6, 2018 Order for lack of jurisdiction. *Walton v. First Merchant's Bank*, No. 18-2724, at Dkt. 11.

3

F.3d 673, 679 (7th Cir. 2015) (Rule 60(b) "applies only to a final judgment, order, or proceeding…[but] does not limit a district court's discretion to reconsider an interlocutory judgment or order at any time prior to final judgment") (citations and quotations omitted); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006) (Rule 60(b), "by its terms [is] limited to final judgments or orders, [and] is inapplicable to interlocutory orders….") (citations and quotations omitted).

The proper procedure for "appealing" a magistrate judge's decision on a non-dispositive matter – as are the issues that the Magistrate Judge dealt with in the August 6, 2018 Order – is to file an objection under Fed. R. Civ. P. 72(a). Accordingly, the Court will treat Ms. Walton's motion as an objection. When the issues considered by the magistrate judge are non-dispositive, the Court may only modify or set aside any part of the magistrate judge's order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Indiana, LLC v. Origin Healthcare Solutions, LLC*, 2014 WL 6674757, *2 (S.D. Ind. 2014) (citations and quotation marks omitted).

       1. *Denial of Ms. Walton's Motion to Compel*

As to the Magistrate Judge's denial of Ms. Walton's Motion to Compel, Ms. Walton argues that she never received the documents she sought after requesting them numerous times. [Filing No. 131 at 3-4.] The Magistrate Judge denied the Motion to Compel, stating at an August 3, 2018 conference that "[FMB] has asserted that it has no further documents responsive to the questions

4

at hand… The party can't rely on documents that were not responded – or not produced during discovery. The…assertion assures both the Plaintiff and the Court that the Plaintiff has all the documentation that [FMB] intends to use in this lawsuit." [Filing No. 138 at 4.] Because FMB confirmed at the August 3, 2018 conference that it had produced all documents responsive to Ms. Walton's requests, [*see* Filing No. 138 at 4], there was nothing clearly erroneous about the Magistrate Judge's decision to deny Ms. Walton's Motion to Compel those documents. The Court **DENIES** Ms. Walton's Motion for Relief as it relates to the Magistrate Judge's denial of her Motion to Compel. [Filing No. 131.]

> 2. *Award of Attorneys' Fees and Costs to FMB Associated With Responding to Ms. Walton's Motion to Compel*

As to the Magistrate Judge's award of attorneys' fees and costs that FMB incurred in connection with responding to Ms. Walton's Motion to Compel, Ms. Walton does not specifically address this ruling but reiterates her arguments for why her Motion to Compel should have been granted. [Filing No. 131 at 5-7.] The Magistrate Judge stated at the August 3, 2018 conference:

> As to the request for reasonable fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) made by the Defendant, that rule states that if the motion is denied the Court must require the movant, the attorney filing the motion or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorneys' fees.
>
> Therefore, the Defendant is ordered to file a notice with this Court outlining its attorney time and fees and any other expenses incurred in responding to the motion at Docket 64 within 14 days of this entry, and the Court will, at that time, on that filing, consider the award of fees and expenses associated with defending the motion at Docket 64.

[Filing No. 138 at 4-5.]

The Court notes that the Magistrate Judge characterized Rule 37(a)(5)(B) as requiring the award of attorneys' fees and costs where a discovery motion is denied, but the rule also states that "the court must not order this payment if the motion was substantially justified or other

5

circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The Court **GRANTS IN PART** Ms. Walton's Motion for Relief to the extent that the Court concludes that the Magistrate Judge's order on fees was contrary to law.[2] The Magistrate Judge ordered fees based solely on the fact that Ms. Walton did not prevail on her Motion to Compel. Rather, the Magistrate Judge should have also considered and explained whether Ms. Walton's Motion to Compel was substantially justified or other circumstances make an award of expenses unjust, as set forth in Rule 37(a)(5)(B). On August 15, 2018, FMB filed a Motion for Fees Pursuant to August 6, 2018 Order on Discovery Conference, which sets forth the fees and expenses it seeks in connection with responding to Ms. Walton's Motion to Compel. [Filing No. 140.] In ruling on that motion, the Magistrate Judge shall specifically consider whether attorneys' fees and costs are appropriate in light of the complete language of Rule 37(a)(5)(B).

> 3. *Grant of FMB's Motion to Compel Deposition of Plaintiff and for the Production of Documents*

In his August 6, 2018 Order, the Magistrate Judge granted FMB's Motion to Compel the deposition of Ms. Walton, finding that FMB could not complete the deposition before the discovery cut-off because "it did not timely receive responses to its written discovery requests" and Ms. Walton "did not cite any good cause for her failure to appear for her subpoenaed deposition." [Filing No. 125 at 3.] The Magistrate Judge also granted in part and denied in part the portion of FMB's motion relating to the production of certain documents. [Filing No. 125 at 3-4.]

---

[2] To the extent the review of a Magistrate Judge's decision regarding the award of attorneys' fees and costs requires *de novo* review, see *Retired Chi. Police Ass'n v. City of Chi.*, 76 F.3d 856, 869 (7th Cir. 1996), the Court notes that its conclusion would be the same. The entire text of Rule 37(a)(5) must be considered in determining whether the award of attorneys' fees and costs is appropriate.

Ms. Walton's sole argument relating to this portion of the Magistrate Judge's August 6, 2018 Order is that she "had not yet received a copy of the motion, therefore: she was unable to file a Response Brief, and she was not afforded her due process, because an Order was entered on August 6, 2018 by the Magistrate." [Filing No. 131 at 6-7.]

During the August 3, 2018 conference, Ms. Walton told the Magistrate Judge that she had not received a copy of the Motion to Compel and asked if she would get a chance to respond. [Filing No. 138 at 38-39.] The Magistrate Judge told Ms. Walton that she could respond orally at the conference and make a record that she was opposing the Motion to Compel. [Filing No. 138 at 39.] Ms. Walton proceeded to explain why she opposed the Motion to Compel, including setting forth why she had not appeared for her deposition and why she did not want her deposition taken until July. [Filing No. 138 at 21-22; Filing No. 138 at 39-40.] Ms. Walton also addressed the portion of FMB's Motion to Compel related to the production of documents. [Filing No. 138 at 30-36.] The Court finds that Ms. Walton had ample opportunity to set forth her position on FMB's Motion to Compel, that the Magistrate Judge considered her position, and that there is nothing clearly erroneous or contrary to law about the Magistrate Judge's grant of FMB's Motion to Compel. Ms. Walton's Motion for Relief From Order, [Filing No. 131], as it relates to this aspect of the Magistrate Judge's August 6, 2018 Order, is **DENIED**.

In sum, Ms. Walton's Motion for Relief From Order, [131], is **DENIED IN PART** as it relates to the Magistrate Judge's denial of Ms. Walton's Motion to Compel and the grant of FMB's Motion to Compel, but is **GRANTED IN PART** as it relates to the Magistrate Judge's award of attorneys' fees and costs to FMB.

### B. Ms. Walton's Appeal Objecting to the Magistrate[']s Order Entered August 6, 2018 (Dkt. 144)

In her Appeal Objecting to the Magistrate[']s Order Entered August 6, 2018, [Filing No. 144], Ms. Walton objects to the following aspects of the Magistrate Judge's August 6, 2018 Order: (1) his grant of FMB's Motion to Compel before Ms. Walton had received the motion and had been able to respond; (2) his grant of attorneys' fees and costs in connection with FMB's response to Ms. Walton's Motion to Compel; and (3) his grant of attorneys' fees and costs in connection with Ms. Walton's failure to return an inadvertently-produced document and FMB's filing of a Motion for Protective Order. The Court will treat Ms. Walton's "Appeal" as an Objection under Rule 72. The Court has already addressed Ms. Walton's first two objections above, in connection with her Motion For Relief From Order, and **OVERRULES IN PART** those objections because – as already discussed – the Magistrate Judge's grant of FMB's Motion to Compel was not clearly erroneous or contrary to law, but **SUSTAINS IN PART** her objection to the Magistrate Judge's award of attorneys' fees and costs to FMB for the same reasons as discussed above.

As to Ms. Walton's third objection – that the Magistrate Judge should not have granted FMB's request for attorneys' fees and costs in connection with her failure to return an inadvertently-produced document which resulted in FMB filing a Motion for Protective Order – Ms. Walton argues that the protective order "does not comply with the Fed T.R Civ Pro." [Filing No. 144 at 3.] She also argues that the Court should not blindly enter protective orders, but has "an independent duty to find good cause before entering a protective order, even if the parties stipulate to the terms." [Filing No. 144 at 4-5.]

FMB responds that "this is not a situation regarding a broad stipulated protective order, but rather two pieces of privileged paper she had no right to possess, but nevertheless she withheld

and caused a considerable amount of time and money and Court resources to obtain return of those two pages." [Filing No. 147 at 4.]

The Magistrate Judge granted FMB's Motion for Protective Order, and ordered Ms. Walton to "return any remaining copies of the documents to [FMB]." [Filing No. 125 at 2.] He also discussed Fed. R. Civ. P. 37(a)(5)(A)'s provision of attorneys' fees and costs for the successful moving party, characterizing the rule as requiring the Court to award fees and costs to the party whose conduct necessitated the Motion for Protective Order. [Filing No. 138 at 12-13.] But the Magistrate Judge again ignored additional language in Rule 37(a)(5)(A). Specifically, Rule 37(a)(5)(A) provides that the Court must require the party whose conduct necessitated the Motion for Protective Order to pay the movant's attorneys' fees and expenses unless, among other things, "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." The Court **SUSTAINS** Ms. Walton's Objection to the extent that it finds that the Magistrate Judge's award of fees based solely on Ms. Walton's conduct was contrary to law, because the ruling did not consider the full text of Rule 37(a)(5)(A).[3] Rather, the Magistrate Judge should have also considered and explained whether Ms. Walton's "nondisclosure, response, or objection was substantially justified" or other circumstances make an award of expenses unjust, as set forth in Rule 37(a)(5)(A). On August 15, 2018, FMB filed a Motion for Fees Pursuant to August 6, 2018 Order on Discovery Conference, which sets forth the fees and expenses it seeks in connection with the Motion for Protective Order. [Filing No. 140.] In ruling on that motion, the Magistrate Judge shall consider whether attorneys' fees and costs are appropriate in light of the complete language of Rule 37(a)(5)(A).

---

[3] Again, *de novo* review would yield the same end-result.

## III.
### CONCLUSION

For the foregoing reasons, and as set forth above, the Court: (1) **GRANTS IN PART** and **DENIES IN PART** Ms. Walton's Motion Under Fed T.R. 60(B)(1) and 60(B)(3) for Relief From Order Entered On August 3 (sic), 2018, [131]; and (2) **OVERRULES IN PART** and **SUSTAINS IN PART** Ms. Walton's Appeal Objecting to the Magistrate[']s Order Entered August 6, 2018, [144].

The Court's Local Rules concerning motions practice can be found at Local Rule 7-1. The Court cautions Ms. Walton that it expects compliance with that rule, which provides for a party to file only one motion and reply on any particular issue. Any future filings in this case that the Court deems to be duplicative of prior filings will be stricken.

Date: 11/13/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Debora Walton
P.O. Box 598
Westfield, IN 46074