UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEBORA WALTON,                          )
                                        )
                    Plaintiff,          )
                                        )
          v.                            )          No. 1:17-cv-01888-JMS-MPB
                                        )
FIRST MERCHANTS BANK,                   )
                                        )
                    Defendant.          )

## ORDER

This matter is before the Court on three outstanding motions. The Court addresses each in turn.

### I.    Defendant's Motion for Attorney Fees (Docket No. 140)

On Friday, August 3, 2018, this Court held a hearing under Rule 16, Federal Rules of Civil Procedure in which it ruled on nine pending motions. (Docket No. 125). The Court also awarded Defendant's request for reasonable fees and costs related to briefing two of those motions pursuant to Fed. R. Civ. P. 37(a)(5)(B) and directed Defendant to file the instant motion for fees by August 17, 2018. (Docket No. 125 at ECF pp. 1-2).

On August 15, 2018, Defendant sought an award of fees in making *Defendant's Motion for Protective Order Regarding Inadvertently Produced Privileged Materials* (Motion for Protective Order) (Docket No. 67) and *Defendant's Opposition Memorandum* (Opposition Memorandum) (Docket No. 71) to *Plaintiff's Motion to FMB to Produce Document* (Docket No. 64). Defendant requested a total of $13,108.00, for fees incurred with those briefings. Plaintiff did not respond to Defendant's request.

1

Fed. R. Civ. P. 37(a)(5) provides that if a motion to compel discovery is granted, "the court **must** . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Though, "the Rule 'presumptively requires every loser to make good the victor's costs,'" *Malibu Media, LLC v. Harrison*, No. 1:12-cv-01117-WTL-MJD, 2014 WL 5392097, at *1 (S.D. Ind. Oct. 23, 2014) (quoting *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994)), a court **must** not order fees if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Further, the "burden of persuasion is on the losing party to avoid assessment of fees, rather than on the winning party to obtain such an award." *Malibu Media, LLC*, 2014 WL 5392097, at *1 (citing *Lincoln Diagnostics, Inc. v. Panatrex, Inc.,* No. 07-cv-2077, 2008 WL 4330182, at *3 (C.D. Ill. Sept. 16, 2016)).

Likewise, Fed. R. Civ. P. 37(a)(5) provides that if the motion is denied:

> [T]he court **must** . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable attorney's fees. But the court **must** not order this payment if the motion was substantially justified or other circumstances make the award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B) (emphases added). Here, Defendant's protective order motion was granted and Plaintiff's motion to compel was denied, so Plaintiff can only avoid paying fees if one of the exceptions applies.

The Court notes that Plaintiff provides no argument as to why fees should not be awarded. Plaintiff had ample opportunity to respond to the fee requests, including in the briefing

of the underlying motions, at the August 3, 2018, hearing where the underlying motions were argued and ruled upon, and in responding to the instant motion for attorneys' fees. Despite having the burden of persuasion, Plaintiff failed to respond.

Moreover, there is sufficient evidence that none of the exceptions to fee awards are appropriate. With respect to Defendant's protective order motion, Defendant made a good faith effort to resolve the conflict without court action. On March 6, 2018, Defendant realized it had mistakenly produced a privileged document to Ms. Walton. (Docket No. 67-1 at ECF p. 2, ¶9). The same day Defendant contacted Ms. Walton and requested she return the document. *Id.* Ms. Walton did not respond, but she did return copies of the document on March 14, 2018. (Docket No. 67-1 at ECF p. 2, ¶8). On March 30, 2018, Ms. Walton filed a motion for sanctions in which she attached a copy of the document—making it apparent that she did not comply with Defendant's request as required by the Federal Rules of Civil Procedure. (Docket No. 50). This is evidence that despite Defendant's good faith effort, this issue could not be resolved without court action.

Second, Ms. Walton's response or objection to the motion was not substantially justified. A party's resistance to discovery is substantially justified if there is a genuine dispute. *Fogel v. Bukovic*, No. 11 C 1178, 2011 WL 2463528, at *3 (N.D. Ill. June 20, 2011). She asserted "[t]he e-mail that the Defendants want protected is already a part of the record, therefore; their motion is untimely and falls outside the scope of the requirements of a Protective Order." (Docket No. 73 at ECF p. 1). However, the main purpose of Fed. R. Civ. P. 26(b)(5)(B) is to cure for inadvertent disclosure and it provides that after a party is notified it has received privileged information, the party **must**:

> [P]romptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until

the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.

Fed. R. Civ. P. 26(b)(5)(B). Plaintiff's response was not substantiated because the Rule provided a mechanism for her to properly dispute Defendant's privilege argument. Instead, she ignored this rule and chose to perpetuate her use of the inadvertently disclosed document. The Court also provided a detailed discussion as to why Plaintiff's substantive response to the protective order motion was without merit at the August 3, 2018 hearing. (Docket No. 138).

Third, Plaintiff provides no argument that an award of fees would be unjust and there is none obvious to the Court.

With respect to Plaintiff's motion to compel, there is no evidence that Plaintiff's motion was substantially justified. Plaintiff moved to compel Defendant to provide a TCPA Consent Form that proved Defendant complied with 47 U.S. Code § 227 (Docket No. 64). However, Defendant informed Ms. Walton, prior to the filing of this motion, that its 700-page production included all responsive documents. (Docket No. 71). This includes Defendant's assurance during a March 14, 2018 deposition, of First Merchants' corporate representative. (Docket No. 71-1 at ECF p. 5) ("Mr. Rodger: We produced all the documents. If you want to go through them and determine, you know--."); (Docket No. 71-1 at ECF pp. 9-10) ("For the record, I don't mean to – I'm just going to talk to the court reporter we're objecting for the purposes of having the corporate representative identify legally operative language within documents that were produced. You can direct the witness to the documents produced, the credit applications, the terms and conditions. All of those documents have been produced, but we're not going to have a lay witness testify to legalese operative language within the contracts."); (Docket No. 71-1 at ECF p. 14) ("We have produced the documents that are responsive to your question. Okay? But

4

I'm not going to have the witness interpret the documents."). In addition, Plaintiff used the discovery Defendant's propounded in at least two depositions prior to moving to compel. (Docket No. 71). Despite defense counsel's reassurance, Plaintiff continued to pursue her motion. There is no basis to substantially justify that decision. Similar to the protective order briefing, there is also no evidence that an award for fees is unjust.

Rule 37(a)(5)(A) limits fees to the "movant's reasonable expenses incurred in making the Motion, including attorney's fees." The Seventh Circuit has taken a rather expansive view of fee shifting under Rule 37, reasoning that "fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claim." *Rickels v. City of South Bend, Ind.*, 33 F.3d 785 (7th Cir. 1994). Further, "the rationale of fee-**shifting** rules is that the victor should be made whole—should be as well off as if the opponent had respected his legal rights in the first place." *Garbie v. Daimler Chrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000) (quoting *Rickels*, 33 F.3d at 787) (emphasis in original).

This Court uses the "lodestar" method to determine reasonable attorney's fees by multiplying a reasonable rate by the number of hours reasonably expended on the motion. *Grady v. Affiliated Comput. Servs. ACS*, No. 1:13-cv-00342-TWP-MJD, 2014 WL 6066049, at *2 (S.D. Ind. Nov. 13, 2014) (citing *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012)). In determining a reasonable rate, the prevailing attorney is presumptively entitled to the rate actually charged, regardless of how that rate compares to the market average. *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993). District courts have exceptional discretion to determine whether the time an attorney spends on a discovery motion is reasonable. *Gautreaux v.*

*Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007). The prevailing party bears the burden of demonstrating that its hours and fees are reasonable. *Grady*, 2014 WL 6066049, at *2.

The hourly rates are not at issue because Plaintiff does not challenge the reasonableness of the rates billed by the Defendant's attorneys, and Defendant has verified that the hourly rates requested for their attorneys here are less than the attorneys' ordinary rates. (Docket No. 141-1). Plaintiff does not challenge the reasonableness of the rates billed and defense counsel sufficiently averred to the charges' relatedness to either the protective order motion or the opposition memorandum.

On a final note, the Court appreciates the Plaintiff has proceeded *pro se* in this case. *See Ali v. Gary Indiana Police Dept.*, 2009 WL 3526198, at *2 (N.D. Ind. 2009) (Pro se litigants are entitled to some deference from courts.). However, it is well settled that *pro se* litigants are not immune from any sanction by virtue of their status alone. *See Johnson v. State Farm Mut. Auto. Ins. Co.*, 641 F. Supp. 2d 748, 753 (C.D. Ill. July 6, 2009) ("While a court should be more lenient in assessing sanctions against a *pro se* litigant, when she persists . . . long after it should have been clear [her request was unsubstantiated] sanctions should be imposed.").

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Fees pursuant to this Court's order on August 6, 2018, on Motion for Protective Order (Docket No. 67) and Opposition Memorandum (Docket No. 71). (Docket No. 125); Plaintiff is ordered to pay $13,108.00 in fees to Defendant.

## II.    Defendant's Motion for Entry of Protective Order (Docket No. 161)

On September 18, 2018, Defendant moved for entry of a protective order, pursuant to Fed. R. Civ. P. 26(c) and this Court's direction. Defendant slightly modified the Court's uniform protective order and presented it to Plaintiff. (Docket No. 161-1). Plaintiff continues to refuse to

enter the Protective Order. (Docket No. 161-2). Plaintiff counters arguing that she only wants to protect her AT&T telephone records (which she argues the disclosure of threatened the privacy of her customers) and her Social Security Number and Date of Birth. (Docket No. 166 at ECF p. 4). She argues that the proposed protective order is overly broad and one sided. (Docket No. 161-2 at ECF p. 1). Defendant indicates except for adding the required language regarding what types of information should be protected, it has made no changes to the Court's Uniform Protective Order. (Docket No. 169).

Plaintiff's argument is nonsensical because the protective order proposed would automatically protect all confidential information—including anything Ms. Walton claims is confidential or private. Fed. R. Civ. P. 26(c) provides "[a] party or any person from whom discovery is sought may move for a protective order . . ." The purpose of this Court's Uniform Protective Order is to provide a pre-approved format acceptable to this Court to avoid unnecessary and time-consuming back-and-forth over language. The language in the order is considered presumptively valid and acceptable in most cases before the Court and Plaintiff has failed to establish a basis from deviating from the standard order. *Knauf Insulation, LLC v. Johns Manville Corp.*, 1:15-cv-00111-WTL-MJD, 2015 WL 9307952, at *2 (S.D. Ind. Nov. 13, 2015).

The Court **GRANTS** Defendant's motion for protective order (Docket No. 161) and will enter the protective order (Docket No. 161-1) by separate entry.

### III.    Defendant's Motion to Compel (Docket No. 174)

On October 5, 2018, Defendant moved for an order that Plaintiff should fully comply with the Court's protective order concerning retrieval, return, and prohibited use of privileged materials. (Docket No. 174). On August 3, 2018, the Court granted Defendant's initial Motion to Compel and ordered Ms. Walton "to comply with Federal Rule of Civil Procedure 26(b)(5)(B)

and must return any remaining copies of the documents to First Merchants within 14 days of this entry of today's date, August 3, 2018." (Docket No. 138 at ECF p. 12). Defendant argues that as late as September 2018, Ms. Walton has refused to return all copies of the privileged document.[1] Defendant seeks an entry from the Court to order Ms. Walton to fully comply with its previous order and return all copies of the privileged document.

On October 9, 2018, Plaintiff responding, asserting that she has appealed the August 6, 2018, Order in its entirety. She further argues that "[t]he Seventh Circuit has held, that the rights of the public to access court records kick in when material produced during discovery is filed with the court; at this point the documents have been used in a court proceeding, and consequently the possibility exists that they could influence or underpin the judicial decision and they are therefore presumptively open to public inspection." (Docket No. 175 at ECF p. 2).

Ms. Walton's position is unfounded. On October 25, 2018, the Seventh Circuit dismissed Ms. Walton's interlocutory appeal for lack of jurisdiction. (Docket No. 187). On November 13, 2018, Chief Judge Stinson granted in part and denied in part Ms. Walton's motion under Fed. T.R. 60(B)(1) and 60(B)(3) for Relief from Order Entered on August 3 (sic), 2018 (Docket No. 131) and overruled in part and sustained in part, Ms. Walton's Appeal Objecting to the Magistrate[']s Order Entered August 6, 2018. (Docket No. 144). (Docket No. 182). The portions sustained by Chief Judge Stinson related to the award of attorneys' fees and have been wholly addressed, above. Therefore, no portion of these appeals or objections is outstanding.

Second, Ms. Walton's recitation of the Seventh Circuit's position miscites the law. The Seventh Circuit has recognized three classes of material subject to seal: trade secrets, information

---

[1] This includes referencing the document in a second lawsuit she has filed against Defendant. 1:18-cv-1785-TWP-DLP.

required by statute to be maintain in confident, and—as applicable here—information covered by a recognized privilege. *United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 712 (7th Cir. 2015), *rev'd on other grounds*, 136 S. Ct. 2506 (2016). The Court fully discussed the privilege analysis as to the document in question during the August 3, 2018, hearing. (Docket No. 138). There is no need to readdress it here.

This Court's **ORDER** from August 3, 2018, stands. The Court reminds Ms. Walton of it here:

> Thus, the documents were inadvertently produced. Appropriate procedures were followed, and Ms. Walton failed to comply with her obligation to return all copies of the documents. So therefore, the Court now grants First Merchants' motion for protective order. Ms. Walton is ordered to comply with Federal Rule of Civil Procedure 26(b)(5)(B) and must return any remaining copies of the documents to First Merchants within 14 days of this entry of today's date, August 3, 2018.

(Docket No. 138 at ECF p. 12).

In addition to that Order, the Court addresses the specific issues outlined by First Merchant's pending motion:

1. Docket No. 64-4, Exhibit D to Plaintiff's Motion to Compel Discovery, which is a copy of the privileged document. The Court **STRIKES** Exhibit D (Docket No. 64-4).

2. "Ex. H" to Walton's other lawsuit against FMB, which is a copy of the privileged document. The Court notes that any requests to strike, seal, or otherwise redact this document in another matter must be filed in that matter. The Court **DIRECTS** Defendant to file a request in that matter.

3. Docket No. 87 at ECF p. 2, Walton's Designation of Evidence identified and attached a copy of the privileged document as Exhibit L. The Court notes that it

has already stricken Exhibit L (Docket No. 188 at ECF p. 4) and the "identifier"
at Docket No. 87 at ECF p. 2, ¶ 15 appears innocuous and Defendant has not
argued otherwise so no further action need be taken at this time.

4. Docket No. 86 at ECF p. 15, Ms. Walton's Memorandum in Support of her
Motion for Partial Summary Judgment, which Defendant argues Plaintiff
references to the document and grossly misrepresents its content. The Court notes
that it already indicated it will disregard all references to and argument based
upon the above-referenced Exhibit L. The Court has reviewed the page in
question and concludes no further action need be taken at this time.

5. Docket No. 172 at ECF p. 8, Ms. Walton's Reply Brief to Defendant's Cross
Motion for Summary Judgment, which Defendant argues Ms. Walton claims she
properly used the privileged document because she obtained it prior to
Defendant's protective order request. This argument has been previously rejected
by the Court. No further discussion is needed.

Ms. Walton should be mindful that continuing disregard of a Court order can lead to
further sanctions.

For the reasons that follow, the Court **GRANTS in part**, Defendant's *Motion to Compel
Plaintiff to Fully Comply with the Court's Protective Order Concerning Retrival [sic], Return
and Prohibited Use of Privileged Materials* (Docket No. 174).

**SO ORDERED.**

**Date:** February 5, 2019

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

10

Distribution:

DEBORA WALTON
P.O. Box 598
Westfield, IN 46074

Andrew M. Pendexter
BINGHAM GREENEBAUM DOLL LLP (Indianapolis)
apendexter@bgdlegal.com

Alex S Rodger
BINGHAM GREENEBAUM DOLL LLP
ARodger@bgdlegal.com

David O. Tittle
BINGHAM GREENEBAUM DOLL LLP
dtittle@bgdlegal.com