UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORA WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-01888-JMS-MPB |
| | ) |
| FIRST MERCHANTS BANK, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SANCTIONS**

### I. Introduction

Defendant, First Merchants Bank, has filed a motion for sanctions against *pro se* Plaintiff, Deborah Walton, pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i)-(ii) for Ms. Walton's failure to appear for her deposition and pursuant to Fed. R. Civ. P. 37(d)(3) and 37(b)(2)(A)(i)-(iv) for her general lack of cooperation during discovery. (Docket No. 116; Docket No. 117).

Specifically, Defendant requests attorney's fees related to the prosecution of the instant motion and related to the attendance of Plaintiff's July 10, 2018, deposition, along with defense counsel's travel expenses, and Court costs associated with this motion.

For the reasons that follow, the undersigned recommends Defendant's *Motion for Discovery Sanctions* (Docket No. 116) be **denied with leave to refile**.

### II. Background

Ms. Walton was served with written discovery on April 13, 2018. (Docket No. 118-1 at ECF p. 1, ¶2). On May 4, 2018, defense counsel served Ms. Walton with a notice of a May 25, 2018, deposition. (Docket No. 118-1 at ECF p. 1, ¶2; Docket No. 118-1 at ECF pp. 7-8).

On May 15, 2018, defense counsel emailed regarding Ms. Walton's outstanding discovery and her upcoming deposition. (Docket No. 118-1 at ECF p. 2, ¶3; Docket No. 118-1 at ECF pp. 11-15). Defense counsel agreed to change the location of Ms. Walton's deposition after they were informed she was not permitted inside the Stewart Richardson offices. *Id.* Ms. Walton did not provide an answer regarding her outstanding discovery.

On May 18, 2018, defense counsel again emailed Ms. Walton regarding her discovery responses. (Docket No. 118-1 at ECF p.1, ¶4; Docket No. 118-1 at ECF pp. 16-21). When no response was received, counsel again emailed on May 21, 2018. *Id.* Ms. Walton indicated the responses had been mailed and agreed to a deposition date after the June 1, 2018, discovery cut-off. *Id.*

Around May 22, 2018, defense counsel received Ms. Walton's discovery responses. (Docket No. 118-1 at ECF p. 1, ¶5; Docket No. 118-1 at ECF pp. 22-23). That same day defense counsel sent a detailed deficiency letter to Ms. Walton regarding her limited document production and interrogatory responses. (Docket No. 118-1 at ECF p. 1, ¶5; Docket No. 118-1 at ECF pp. 24-28). Ms. Walton did not respond. On May 30, 2018, defense counsel again emailed Ms. Walton asking her to supplement her production to address the issues raised in the deficiency letter and other discovery issues. *Id.*

On June 1, 2018, Ms. Walton provided additional documents, but defense counsel continued to maintain the supplement was deficient. (Docket No. 118-1 at ECF p. 2, ¶6; Docket No. 118-1 at ECF pp. 29-33). After correspondence, Ms. Walton further supplemented. (Docket No. 118-1 at ECF p. 2, ¶8; Docket No. 118-1 at ECF p. 34-35).[1]

---

[1] Defense counsel takes issue with the fact that Ms. Walton agreed to "get back to [him] on [June 7]" (Docket No. 118-1 at ECF p. 31), but did not actually respond until June 12. The Court notes Plaintiff indicated she would supplement on Tuesday, June 5, 2018. Plaintiff's subsequent letter

2

On June 13, 2018, defense counsel emailed Ms. Walton asking her to confirm a July date that she would be available for a deposition. (Docket No. 118-1 at ECF p. 2, ¶9; Docket No. 118-1 at ECF pp. 36-38). Ms. Walton would not agree to be deposed after June 30, 2018. *Id.* On June 18, 2018, defense counsel again emailed Ms. Walton regarding her deposition. (Docket No. 118-1 at ECF p. 2, ¶10; Docket No. 118-1 at ECF p. 38).

On June 22, 2018, after receiving no response from Ms. Walton, defense counsel emailed[2] Ms. Walton a Notice of Deposition and Subpoena Duces Tecum compelling both her presence and the production of documents on July 10, 2018. (Docket No. 118-1 at ECF p. 2, ¶ 11; Docket No. 118-1 at ECF pp. 39-47). On July 9, 2018, defense counsel traveled to Indianapolis for Ms. Walton's deposition. (Docket No. 118-1 at ECF p. 3, ¶11). On July 10, 2018, Ms. Walton failed to appear. *Id.*[3]

### III. Conclusions of Law

#### A. Standard

Fed. R. Civ. P. 37 permits sanctions for different types of failures to cooperate with discovery through several of its subdivisions. Subdivision (d) permits sanctions for a party's failure to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection. Specifically, it provides that:

---

to defense counsel was mailed. While the Court does not have a postmarked envelope, the letter was dated Thursday, June 7, 2018. (Docket No. 118-1 at ECF p. 35). It is quite plausible Plaintiff's correspondence was mailed on Thursday, June 7, 2018 and received on Tuesday, June 12, 2018.

[2] Specifically, defense counsel, Alex Rodger, attests: "The notice and subpoena were served on Walton via the email address that she regularly used to communicate with me." (Docket No. 118-1 at ECF p. 2).

[3] Defendant separately moved to compel Ms. Walton's deposition. (Docket No. 114). That motion was discussed at the August 3, 2018, telephonic status conference where the Court granted the motion as to Plaintiff's deposition and ordered the deposition be conducted on August 17, 2018, at 9:00 a.m. (Docket No. 125; Docket No. 138 at ECF p. 26).

> (1) ***In General.***
>  (A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
>    (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or
>    (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>  (B) *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.
> (2) ***Unacceptable Excuse for Failing to Act.*** A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).
> (3) ***Types of Sanctions.*** Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(1)-(3).

**B. Analysis**

Defendant seeks Ms. Walton be sanctioned for failing to appear for her July 10, 2018, deposition, and for failing to provide a complete response to its Rule 34 request. (Docket No. 116). Plaintiff responded that the undersigned entered an order after the August 3, 2018, telephonic status conference, that prevented her rights to due process with respect to the instant motion. (Docket No. 135). However, the instant motion was not ruled on at that conference so that the parties could have time to fully brief the relevant issues herein. (Docket No. 138 at ECF p. 38) ("I think there is also maybe one, one final motion that is not ripe yet that the Court may receive additional briefing on. And if it does, it will take that up.").

4

On June 22, 2018, defense counsel emailed Ms. Walton a deposition notice and subpoena for a July 10, 2018, deposition. Rule 5 of the Federal Rules of Civil Procedure provides that a discovery paper required to be served on a party, must be served on every party, unless the rule provides otherwise. Fed. R. Civ. P. 5(a)(1)(C). Under Rule 5, one method of effectuating proper service of a discovery paper required to be served on a party is "sending it by electronic means **if the person consented to it in writing**—in which event service is complete upon transmission, but it is not effective if the serving party learns that it did not reach the person to be served." Fed. R. Civ. P. 5(b)(2)(E). (emphasis added).

A notice of deposition of a party is considered a discovery paper required to be served on a party under Federal Rule of Civil Procedure 5(a)(1)(C). Defendant has not produced any writing to show that Plaintiff agreed to electronic service nor provided any argument as to how its service of the notice of deposition was proper. While there is evidence that Ms. Walton responded to other discovery that was emailed to her, that does not equate to written consent for all discovery. (Docket No. 118-1 at ECF pp. 4-5). See *Kuberski v. Allied Recreation Group, Inc.*, 1:15-cv-00320-RL-SLC, 2017 WL 3327648, at *5 (N.D. Ind. Aug. 23, 2017) (holding consent for electronic service where emailed stated "You may always serve discovery on my office via email if you wish, in addition to ordinary mail[.]"); *see also Wescher v. Chem-Tech International*, No. 13-cv-229, 2014 WL 12709841, at *2 (E.D. Wis. Feb. 12, 2014) ("[T]he court notes there is nothing to indicate that the plaintiff consented in writing to service by email, *see* Fed. R. Civ. P. 5(b)(2)(E), and thus proper service of the notice was effected not through electronic means[.]"). Thus, it cannot be concluded that the deposition was properly noticed as required by Rule 37. The undersigned recommends that the motion be denied with leave to refile if Defendant can establish proper service.

Defendant also seeks sanctions for Ms. Walton's incomplete response to Rule 34 documents and her other discovery violations. Defendant's arguments in this regard are conclusory and underdeveloped. Moreover, Fed. R. Civ. P. 37(d) requires a movant to certify that it "has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action. Fed. R. Civ. P. 37(d)(1)(B). Unlike S.D. Ind. Local Rule 37-1, the Federal Rules do not contemplate an exception for *pro se* litigants as to this "meet and confer" certification requirement and one was not included within Defendant's filing. Moreover, Rule 37(d)(1)(A)(ii) contemplates a complete failure to respond as opposed to an incomplete response, as is evidenced by the plain language of the subdivision and because subdivision (a) includes an exception that incomplete response does constitute a failure to respond **for that subdivision only**. *See* Fed. R. Civ. P. 37(a)(4). Subdivision (d) includes no such exception and Defendant has only alleged an incomplete Rule 34 response not an overall failure to respond.

## IV.   Conclusion

For the above reasons, the undersigned recommends that Defendant's *Motion for Sanctions* (Docket No. 116) be denied with leave to refile if Defendant has evidence that Plaintiff provided written consent for electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO ORDERED.**

**Dated:** February 5, 2019

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

6

Distribution:

DEBORA WALTON
P.O. Box 598
Westfield, IN 46074

Andrew M. Pendexter
BINGHAM GREENEBAUM DOLL LLP (Indianapolis)
apendexter@bgdlegal.com

Alex S Rodger
BINGHAM GREENEBAUM DOLL LLP
ARodger@bgdlegal.com

David O. Tittle
BINGHAM GREENEBAUM DOLL LLP
dtittle@bgdlegal.com