UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORA WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01888-JMS-MPB |
| | ) | |
| FIRST MERCHANTS BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

*Pro se* Plaintiff Debora Walton held several loans and bank accounts at Defendant First Merchants Bank ("FMB") and, after FMB charged certain fees and ultimately closed Ms. Walton's accounts, she initiated this litigation. On February 5, 2019, the Magistrate Judge granted FMB's Motion for Attorney Fees, [Filing No. 140], and ordered Ms. Walton to pay FMB $13,108 in attorneys' fees to FMB. [Filing No. 199 at 1-6.] Ms. Walton did not challenge the Magistrate Judge's ruling in any way, but at the same time has failed to pay the amount due to FMB. FMB has now filed a Motion for Order to Show Cause Why Plaintiff Should Not Be Held In Contempt for Failure to Comply With Order to Pay Attorney Fees, [Filing No. 205], which is ripe for the Court's decision.

## I.
### BACKGROUND

### A. The Magistrate Judge's August 6, 2018 Order

On August 3, 2018, the Magistrate Judge held a hearing in which he addressed and ruled on nine pending motions and awarded FMB attorneys' fees in connection with responding to an unsuccessful Motion to Compel filed by Ms. Walton and filing a successful Motion for Protective

Order Regarding Inadvertently Produced Privileged Materials. [Filing No. 125 at 1-2.] In an August 6, 2018 Order, the Magistrate Judge ordered FMB to file a Notice outlining attorney time, fees, and other expenses incurred in connection with the two motions by August 17, 2018. Subsequently, FMB filed its Motion for Fees Pursuant to August 6, 2018 Order on Discovery Conference (the "Fee Motion"), outlining the fees it incurred in connection with the two motions. [Filing No. 140.]

**B. Ms. Walton's Filings Challenging the Magistrate Judge's August 6, 2018 Order**

In the meantime, Ms. Walton filed two pleadings related to the Magistrate Judge's August 6, 2018 Order: (1) her Verified Motion Under Fed T.R. 60(B)1 and 60(B)3 for Relief From Order Entered on August 3 (sic), 2018 (the "Motion for Relief"), [Filing No. 131]; and (2) her Appeal Objecting to the Magistrates (sic) Order Entered August 6, 2018 (the "Appeal"), [Filing No. 144].

*1. Motion for Relief*

In her Motion for Relief, Ms. Walton argued that the Magistrate Judge improperly denied her Motion to Compel, improperly awarded FMB attorneys' fees and costs in connection with her Motion to Compel, and improperly granted a Motion to Compel Deposition of Plaintiff and for the Production of Documents filed by FMB. [Filing No. 131.] On November 13, 2018, the Court denied Ms. Walton's Motion for Relief as it related to the Magistrate Judge's denial of her Motion to Compel and the grant of FMB's Motion to Compel, but granted in part Ms. Walton's Motion for Relief as it related to the Magistrate Judge's award of attorneys' fees and costs to FMB. [Filing No. 182.] Specifically, the Court found that the Magistrate Judge should have considered and explained whether Ms. Walton's Motion to Compel was substantially justified or whether other circumstances made an award of expenses unjust, as set forth in Fed. R. Civ. P. 37(a)(5)(B). [Filing No. 182 at 6.] The Court instructed that, in ruling on the Fee Motion, the Magistrate Judge "shall

specifically consider whether attorneys' fees and costs are appropriate in light of the complete language of Rule 37(a)(5)(B)." [Filing No. 182 at 6.]

   *2. Appeal*

  In her Appeal, Ms. Walton objected to the Magistrate Judge's: (1) grant of FMB's Motion to Compel; (2) grant of attorneys' fees and costs in connection with FMB's response to her Motion to Compel; and (3) grant of attorneys' fees and costs in connection with Ms. Walton's failure to return an inadvertently-produced document and FMB's filing of a Motion for Protective Order. [Filing No. 144.] Consistent with its ruling on Ms. Walton's Motion for Relief, the Court overruled in part Ms. Walton's first two objections because the Magistrate Judge's grant of FMB's Motion to Compel was not clearly erroneous or contrary to law, but sustained in part her objection to the Magistrate Judge's award of attorneys' fees and costs to FMB for the same reasons it granted in part her Motion for Relief on that issue. [Filing No. 182 at 8.] As to Ms. Walton's third objection, the Court sustained Ms. Walton's objection to the extent that it found that the Magistrate Judge's award of attorneys' fees incurred by FMB in filing its Motion for Protective Order and based solely on Ms. Walton's conduct was contrary to law because the ruling did not consider the full text of Rule 37(a)(5)(A). [Filing No. 182 at 9.] The Court instructed the Magistrate Judge to consider whether attorneys' fees and costs were appropriate in light of the complete language of Rule 37(a)(5)(A). [Filing No. 182 at 9.]

**C. The Magistrate Judge's February 5, 2019 Order**

  Consistent with the Court's ruling on the motion for relief and the appeal of the Magistrate Judge's orders, the Magistrate Judge reexamined FMB's motions. He noted that Ms. Walton did not file a response to the Fee Motion that FMB filed after the August 6, 2018 Order, and the Magistrate Judge granted the motion on February 5, 2019. In his February 5, 2019 Order, the

Magistrate Judge noted that Ms. Walton "had ample opportunity to respond to the fee requests, including in the briefing of the underlying motions, at the August 3, 2018, hearing where the underlying motions were argued and ruled upon, and in responding to the instant motion for attorneys' fees," but "[d]espite having the burden of persuasion, [Ms. Walton] failed to respond." [Filing No. 199 at 2-3.] The Magistrate Judge considered the full text of Rule 37(a), discussed in detail whether the award of fees was appropriate under the rule, and found that "there is sufficient evidence that none of the exceptions to fee awards are appropriate." [Filing No. 199 at 3-6.] The Magistrate Judge ordered Ms. Walton to pay FMB $13,108 in attorneys' fees and cautioned her that "continuing disregard of a Court order can lead to further sanctions," but did not set forth a deadline for her to pay that amount. [Filing No. 199 at 6; Filing No. 199 at 10.] Ms. Walton did not timely object to the Magistrate Judge's February 5, 2019 Order. FMB then filed a Motion for Order to Show Cause Why Plaintiff Should Not Be Held In Contempt for Failure to Comply with Order to Pay Attorney Fees, [Filing No. 205], which is ripe for the Court's decision.

**II.**
**DISCUSSION**

In support of its Motion for Order to Show Cause, FMB states that it wrote to Ms. Walton on February 28, 2019 requesting that she pay the $13,108 in attorneys' fees or that FMB would be forced to seek judicial assistance, and that Ms. Walton "has not responded to FMB in any fashion and has failed to make any effort whatsoever to comply with this Court's Order." [Filing No. 206 at 2.] Although titled a "Motion for Order to Show Cause," FMB also requests that the Court find Ms. Walton in contempt for failing to pay the $13,108 in attorneys' fees. It argues that the Court may enter a contempt finding where the earlier order set forth an unambiguous command, the party at whom the order was directed violated the order, the violation was significant (meaning that the party did not substantially comply with the order), and the party failed to make a reasonable and

4

diligent effort to comply.  [Filing No. 206 at 3.]  FMB notes that the Magistrate Judge's February

5, 2019 Order was unambiguous, that Ms. Walton has not paid the attorneys' fees she was ordered

to pay, and that she has not attempted to comply with the Order.  [Filing No. 206 at 3-5.]  FMB

requests that the Court find Ms. Walton in contempt for refusing to comply with the February 5,

2019 Order, order her to pay FMB's costs incurred in connection with bringing the motion, order

her to pay the $13,108 within seven days, and dismiss her claims with prejudice if she fails to do

so.  [Filing No. 206 at 4-5.]

In her response, Ms. Walton sets forth her understanding of Federal Rule of Civil Procedure

72 and general principles regarding a district court's review of a magistrate judge's decision.

[Filing No. 207 at 1-6.]  She then argues that the Magistrate Judge submitted a Report and

Recommendation on August 6, 2018 recommending that the Court deny her Motion for Sanctions

and FMB's request for attorneys' fees in responding to the Motion for Sanctions, and that FMB

did not object to the Report and Recommendation.  [Filing No. 207 at 7.]  Ms. Walton argues that

FMB's Motion for Order to Show Cause is meritless and frivolous, and that FMB should be

sanctioned.  [Filing No. 207 at 7-8.]  Finally, she states that she "must inform the Court that she is

represented by counsel," and that "if the Court intends to schedule a hearing in this matter, I would

appreciate if the Court would schedule any upcoming hearing, after April 30, 2019, at which time

the Plaintiff's Attorney will have had the opportunity to enter his appearance."  [Filing No. 207 at

8.]

In its reply, FMB argues that Ms. Walton did not timely object to the Magistrate Judge's

February 5, 2019 Order, and that FMB's failure to object to the Magistrate Judge's Report and

Recommendation on Ms. Walton's Motion to Compel and FMB's request for attorneys' fees in

connection with responding to that Motion to Compel does not "magically erase" Ms. Walton's

obligation to pay attorneys' fees pursuant to the Magistrate Judge's February 5, 2019 Order. [Filing No. 208 at 4.] As to Ms. Walton's requests related to scheduling and her new attorney, FMB contends that Ms. Walton "has claimed at various times during this case that: 1) she had a lawyer; 2) she did not have a lawyer; 3) [she] asked this Court to appoint a lawyer (denied); and, 4) [she] also asked for hundreds of dollars in attorney fees, without a lawyer ever appearing in this case." [Filing No. 208 at 4.] It argues that "[u]nless and until a lawyer actually files an appearance on behalf of Ms. Walton, there is no reason for any delay of this matter." [Filing No. 208 at 4.]

The Court will first consider the propriety of the February 5, 2019 Order, and then will analyze whether Ms. Walton should be held in contempt for failing to comply with that Order.

### A. Propriety of the February 5, 2019 Order

At the outset, the Court addresses Ms. Walton's reliance on FMB's failure to object to the Magistrate Judge's August 6, 2018 Report and Recommendation. [*See* Filing No. 207 at 6-7.] That Report and Recommendation related to Ms. Walton's Motion for Sanctions, and FMB's request for attorneys' fees it incurred in responding to that motion. [Filing No. 126.] Conversely, the Magistrate Judge's February 5, 2019 Order awarding FMB its attorneys' fees – which is the only Order that is the subject of FMB's Motion for Order to Show Cause – related to FMB's Motion for Protective Order and its response to Ms. Walton's Motion to Compel. [Filing No. 199.] FMB's election not to object to the August 6, 2018 Report and Recommendation on Ms. Walton's Motion for Sanctions (and FMB's corresponding request for attorneys' fees related to responding to that motion), [Filing No. 126], has nothing whatsoever to do with the Magistrate Judge's award of attorneys' fees in the August 6, 2018 Order, [Filing No. 125].

As to the substance of the February 5, 2019 Order, Fed. R. Civ. P. 72(a) provides that:

When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct

the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Ms. Walton did not file an objection to the Magistrate Judge's February 5, 2019 Order awarding FMB $13,108 in attorneys' fees within the deadline set forth in Rule 72. Indeed, Ms. Walton has not filed an objection to date, and does not discuss the propriety of the February 5, 2019 Order in her response to FMB's Motion for Order to Show Cause. Instead, she focuses on FMB's failure to object to an unrelated Report and Recommendation. Even if Ms. Walton had objected, the Court agrees with the Magistrate Judge's grant of FMB's Fee Motion as set forth in the February 5, 2019 Order. The Magistrate Judge considered the full text of Rule 37, and thoroughly set forth his findings regarding why the award of attorneys' fees in connection with FMB's Motion for Protective Order and its response to Ms. Walton's Motion to Compel was appropriate. [Filing No. 199 at 2-5.] The Magistrate Judge also considered whether the amount of attorneys' fees requested was reasonable in light of applicable Seventh Circuit precedent. [Filing No. 199 at 5-6.] So, even if Ms. Walton had objected to the Magistrate Judge's February 5, 2019 Order, the Court finds that the Order was appropriate under the circumstances.

### B. Whether Ms. Walton Should Be Held in Contempt

Having found that the Magistrate Judge's February 5, 2019 Order on the Fee Motion was appropriate under the circumstances, the Court considers whether Ms. Walton should be held in contempt for failing to comply with it. "Before holding a person in civil contempt, a district court 'must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated.'" *Trade Well Intern. v. United Cent. Bank*, 778 F.3d 620, 626 (7th Cir. 2015) (quoting *Manez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d

578, 591 (7th Cir. 2008)).  A finding of contempt must be supported "by clear and convincing evidence that (1) the district court's order set forth an unambiguous command; (2) [the alleged contemnor] violated that command; (3) the violation was significant, meaning that [the alleged contemnor] did not substantially comply with the court order; and (4) [the alleged contemnor] failed to make a reasonable and diligent effort to comply.*" Ohr ex rel. NLRB v. Latino Exp., Inc.,* 776 F.3d 469, 474 (7th Cir. 2015).  "'The district court does not…ordinarily have to find that the violation was "willful" and may find a party in civil contempt if that party has not been reasonably diligent and energetic in attempting to accomplish what was ordered.'" *F.T.C. v. Trudeau,* 579 F.3d 754, 763 (7th Cir. 2009) (quoting *Goluba v. School Dist. of Ripon,* 45 F.3d 1035, 1037 (7th Cir. 1995)).

The Court declines to order Ms. Walton to show cause why she should not be held in contempt for paying the $13,108 in attorneys' fees, as she was on notice regarding FMB's arguments in support of such a finding and had an opportunity in her response to address those arguments.  The Court also declines to hold Ms. Walton in contempt at this juncture, because the February 5, 2019 Order did not set forth a date by which Ms. Walton was required to make payment.  However, to set forth "an unambiguous command," the Court **ORDERS** Ms. Walton to pay FMB $13,108 in attorneys' fees by **May 3, 2019**.  Ms. Walton is warned that failure to pay the fees  by that deadline, when considered with her other sanctioned conduct in this case, may be considered the type of contumacious conduct that warrants a finding of contempt and dismissal of Ms. Walton's claims with prejudice. *McInnis v. Duncan,* 697 F.3d 661, 664 (7th Cir. 2012).

Accordingly, the Court **DENIES IN PART** FMB's Motion for Order to Show Cause to the extent that it declines to order Ms. Walton to show cause why she should not be held in contempt and declines to hold Ms. Walton in contempt at this time, but **GRANTS IN PART**

FMB's Motion for Order to Show Cause to the extent that it **ORDERS** Ms. Walton to pay FMB

**$13,108 in attorneys' fees by May 3, 2019**.[1]  [Filing No. 205.]  Failure to do so may result in a

finding that Ms. Walton is in contempt and the dismissal of this case with prejudice.[2]

### III.
#### CONCLUSION

The Court is mindful that Ms. Walton is a *pro se* litigant, but it is also mindful that Ms.

Walton is "no ordinary *pro se* litigant." *Walton v. First Merchants Bank*, 2019 WL 826769, *4

(S.D. Ind. 2019) (in a different case Ms. Walton brought against FMB, court noting that "[s]ince

2003, [Ms.] Walton has filed *at least* twenty cases in this district court alone…  [Ms.] Walton is

surely aware of the potential consequences for abuse of the judicial process. In several of [Ms.]

Walton's earlier cases, the court ordered [her] to pay the opposing parties' attorney's fees for [her]

frivolous filings").  If Ms. Walton wishes to litigate in federal court, she must play by the rules.

Disregarding the orders of this Court is not playing by the rules.

---

[1] Although not related to the attorneys' fee issue, the Court briefly addresses Ms. Walton's request that any hearings in this matter be scheduled after the end of April, so that her new attorney "will have had the opportunity to enter his appearance."  [Filing No. 207 at 8.]  This matter has been pending nearly two years and is scheduled for trial in October 2019.  The Court will not delay the resolution of this matter based on Ms. Walton's vague statements regarding retaining counsel and counsel's inability to enter an appearance in this case because he is too busy with other cases.  This matter will move forward – assuming Ms. Walton complies with this Order – independent of Ms. Walton's new attorney's schedule, unless and until that attorney enters an appearance in this case and demonstrates that a deviation from the Court's schedule is warranted.  *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993) ("[A] party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." (quotation omitted)).

[2] Because the February 5, 2019 Order did not set forth a deadline by which Ms. Walton was required to pay the $13,108 in attorneys' fees, the Court declines to award FMB its attorneys' fees in connection with bringing the Motion to Show Cause.

Based on the foregoing, the Court **DENIES IN PART** FMB's Motion for Order to Show Cause to the extent that it declines to order Ms. Walton to show cause why she should not be held in contempt and declines to hold her in contempt at this time, but **GRANTS IN PART** FMB's Motion for Order to Show Cause to the extent that it **ORDERS** Ms. Walton to pay FMB **$13,108 in attorneys' fees by May 3, 2019**. If Ms. Walton fails to pay the full amount of attorneys' fees by that date, this matter may be dismissed with prejudice.

Date: 4/12/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Debora Walton
P.O. Box 598
Westfield, IN 46074