UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |  | |
|---|---|---|---|
| DEBORA WALTON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. 1:17-cv-01888-JMS-MPB | |
| | ) | | |
| FIRST MERCHANTS BANK, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## **ORDER**

Plaintiff Debora Walton[1] held several loans and bank accounts at Defendant First Merchants Bank ("FMB"), and initiated this litigation in June 2017 alleging various claims. After ruling on the parties' cross-motions for summary judgment, two claims remained for trial – a claim under the Telephone Consumer Protection Act ("TCPA"), and a claim under Regulation E of the Electronic Funds Transfer Act ("EFTA"). After holding a two-day bench trial, the Court found in favor of FMB on both of Ms. Walton's claims and also found that FMB was entitled to attorneys' fees[2] incurred in connection with its Regulation E claim from November 28, 2018 – the date of the Court's summary judgment ruling – forward. [Filing No. 286.] The Court ordered FMB to submit a Report outlining the attorneys' fees incurred after November 28, 2018 solely in connection with Ms. Walton's Regulation E claim by December 20, 2019, Ms. Walton to file any

---

[1] Ms. Walton litigated this case *pro se* up until shortly before the trial in this matter, proceeded to trial with counsel, and now proceeds *pro se* again after her counsel withdrew his appearance in late November 2019.

[2] FMB requested its attorneys' fees in connection with the Regulation E claim at the close of the bench trial, and stated that it would brief the issue. [Filing No. 276 at 178-79.] It did so in its post-trial brief. [Filing No 278 at 26-33.]

1

response to FMB's Report by January 8, 2020, and FMB to file any reply by January 15, 2020. The parties have done so, and the issue of the amount of attorneys' fees to which FMB is entitled is now ripe for the Court's decision.

# I.
## DISCUSSION

FMB submitted a Report and Affidavit of John F. McCauley, Counsel of Record for [FMB], in Support of Fee Request on Defense of Regulation E Claim (the "Report"), in which Mr. McCauley sets forth his experience and the experience of his colleagues who have worked on this case, and summarizes the work that was performed. [Filing No. 301.] Mr. McCauley states that "FMB has tried diligently to determine the exact amount of fees dedicated solely to the Reg. E claim, as opposed to Ms. Walton's claim under the TCPA. It is clear from the time entries and the evidence at trial, that it is not a 50/50 split between the Reg. E and TCPA claims. More time, energy and resources were directed at defeating the TCPA claim…. For those time entries that are not clearly delineated as time spent solely working on Reg. E. related issues, FMB has discounted those entries by 80%, or otherwise billed only 20% of the time for those entries." [Filing No. 301 at 4.] Mr. McCauley sets forth two examples of instances where entries did not clearly delineate between the two claims and the entry was reduced by 80%. [Filing No. 301 at 4-5.] He notes that, after the Court's summary judgment ruling, FMB's counsel did not bill any time related to the Regulation E claim until May 5, 2019. [Filing No. 301 at 3-4.] Mr. McCauley attaches invoices and a chart reflecting $57,751.00 in attorneys' fees incurred by FMB in connection with the Regulation E claim from May 5, 2019 forward. [Filing No. 301 at 5; Filing No. 301-1; Filing No. 301-2.]

In response to FMB's Report, Ms. Walton filed a document titled "The Plaintiff Deborah Walton Objects to Defendant First Merchants Bank[']s Attorney Fees and Responds to the

Defendant[']s Report and Attorney Fee Invoices" (the "Response"). [Filing No. 302.] In her Response, Ms. Walton sets forth some of the same arguments she made in her second Trial Brief regarding FMB's request for attorneys' fees, [Filing No. 281].[3] She also argues that "Plaintiff brought her claim for violation of Regulation E, for which the relevant statute limits an award to [$1,000] for each violation. A claim, by Defendant's Bank, of attorneys' fees in the amount of [$57,751.00] grossly exceeds the potential claim, and does not justify three…attorneys for preparation." [Filing No. 302 at 4.] Ms. Walton contends that "in the face of three counts, each with a total maximum recovery of [$1,000], Defendant seeks attorney fees for three…attorneys in an amount some twenty…times Plaintiff's total possible recovery. This is grossly unreasonable and would have a chilling effect on other plaintiffs who might seek redress in our Courts." [Filing No. 302 at 6.] Ms. Walton requests that the Court "deny the Defendants motion for Attorney Fees…." [Filing No. 302 at 6.]

In its reply, FMB argues that Ms. Walton did not address a single time entry, the reasonableness of the hourly rates charged, or the reasonableness of the 80% discount for Regulation E-related work. [Filing No. 304 at 1-2.] FMB states that Ms. Walton "attempts to reweigh the evidence produced at trial…, takes issue with nearly every finding and conclusion by this Court, and attempts to blame FMB for her current predicament." [Filing No. 304 at 2.] It goes on to address why the award of attorneys' fees was appropriate. [Filing No. 304 at 2-4.] Finally, FMB argues that the amount of attorneys' fees requested is not disproportionate to the

---

[3] The Court struck Ms. Walton's second Trial Brief, finding that it "provided one deadline for filing post-trial briefs," and "did not provide an opportunity for the parties to file 'response' or 'reply' briefs to each other's trial briefs." [Filing No. 284 at 1.] In any event, the Court addressed Ms. Walton's arguments regarding the award of attorneys' fees to FMB in its Findings of Fact and Conclusions of Law. [Filing No. 286 at 21] (noting that it had stricken Ms. Walton's second Trial Brief, but specifically addressing Ms. Walton's arguments regarding FMB's request for attorneys' fees and finding those arguments "unavailing").

potential value of the Regulation E claim, noting that Ms. Walton sought actual damages, statutory damages, punitive damages, and attorneys' fees in connection with that claim and demanded $250,000, or $50,000 "for each checking and loan account closed, and miscellaneous damages or costs." [Filing No. 304 at 4; *see also* Filing No. 303-1.]

The Court notes at the outset that it already found in its Findings of Fact and Conclusions of Law that "the award of attorneys' fees incurred by FMB in connection with Ms. Walton's Regulation E claim from November 28, 2018 – the date of the Court's summary judgment ruling – forward is warranted." [Filing No. 286 at 20-21.] FMB's Report, Ms. Walton's Response, and FMB's reply were to only address whether the amount of attorneys' fees requested by FMB is "reasonable in relation to the work expended and costs." Indeed, the Court – anticipating, based on the history of this litigation, that Ms. Walton might address issues outside of these parameters – stated in its Findings of Fact and Conclusions of Law that "Ms. Walton must file any response to FMB's Report, *which addresses only whether the attorneys' fees set forth by FMB are 'reasonable in relation to the work expended,'* by January 8, 2020." [Filing No. 286 at 21 (emphasis added).] The majority of Ms. Walton's response is devoted to arguing why she believes the award of attorneys' fees is unwarranted in the first instance, which is beyond the scope of the issues that remain before the Court and which the Court already addressed in its Findings of Fact and Conclusions of Law. [*See* Filing No. 286 at 21 (Court discussing Ms. Walton's arguments that she had difficulty obtaining documents from FMB during discovery, that FMB did not send her a letter as required by Fed. R. Civ. P. 11 before seeking attorneys' fees,[4] and that FMB did not explicitly raise the inapplicability of Regulation E in its summary judgment briefing).]

---

[4] As the Court noted in its Findings of Fact and Conclusions of Law, FMB was not required to send Ms. Walton a letter before seeking attorneys' fees. [Filing No. 286 at 21 (Court stating that "§ 1693m(f) does not have a similar 'safe harbor' provision" as that of Rule 11).] The Court also

The only arguments Ms. Walton sets forth in her Response that relate to the amount of attorneys' fees FMB requests are that it was excessive for three attorneys to work on the Regulation E claim, and that the amount of attorneys' fees is disproportionate to the amount she could have recovered on the Regulation E claim. These are the only two arguments the Court will address, as they are the only arguments relevant to whether the attorneys' fees that FMB requests are "reasonable in relation to the work expended."

15 U.S.C. § 1693m(f) provides that "[o]n a finding by the court that an unsuccessful action under this section was brought in bad faith or for purposes of harassment, the court shall award to the defendant attorney's fees reasonable in relation to the work expended and costs." The Court finds that the attorneys' fees requested by FMB meet the standard set forth in § 1693m(f). First, Ms. Walton argues that her Regulation E claim "does not justify three…attorneys for preparation," [Filing No. 302 at 4], yet she does not explain why that is the case. Indeed, the records submitted by FMB indicate that five attorneys worked on the Regulation E claim. [*See* Filing No. 301-2.] The Court finds nothing inherently unreasonable with the use of multiple attorneys in this case, and notes that the attorney with the highest hourly rate – David Tittle – spent considerably less time working on the Regulation E claim than the combined time of the other attorneys. [*See* Filing No. 301-2.] Had he been the only attorney working on the case, the total attorneys' fees would have been much higher. The use of three (or five) attorneys does not, in and of itself, warrant a reduction in the amount of attorneys' fees requested, and there is no evidence that any of the work was duplicative.

---

notes here that FMB repeatedly warned Ms. Walton (and her counsel at the time), before FMB began to prepare for trial, that Ms. Walton had admitted at her deposition that she had opted in to overdraft protection, provided the opt-in documents, and warned them that the Regulation E claim was frivolous. [Filing No. 301 at 3.]

5

Second, Ms. Walton argues that she was limited to an award of $1,000 for each Regulation E violation, and the amount of attorneys' fees requested "grossly exceeds the potential claim." [Filing No. 302 at 4.] But Ms. Walton ignores the fact that, along with those statutory damages, she sought actual damages, and attorneys' fees and costs in connection with her Regulation E claim. [Filing No. 15 at 4; Filing No. 15 at 7; Filing No. 303-1 at 2 (Ms. Walton stating in a "Settlement Demand" to FMB that "[f]or violation of Regulation E, [FMB] is liable to Walton for her actual damages, statutory damages, her reasonable attorney fees, and costs").] For "liability under Regulation E, she demanded "[a]s damages for violation of Regulation E,…[$250,000], or [$50,000] for each checking and loan account closed, and miscellaneous damages or costs." [Filing No. 303-1 at 3.] She also stated that she was entitled to "attorney/consultant fees," which totaled $163,785.00 as of the date of her settlement demand. [Filing No. 303-1 at 3.] In light of Ms. Walton's demand in connection with her Regulation E claim, attorneys' fees of $57,751 to defend that claim are not unreasonable in relation to the work expended.

Because Ms. Walton has not contested specific time entries or hourly rates, the Court need not sift through each time entry and determine whether it was reasonable. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) (Courts "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection"). Having found that it was not unreasonable for FMB to use multiple attorneys, and that the amount of attorneys' fees was not disproportionate to the amount that Ms. Walton sought in connection with her Regulation E claim, the Court finds that $57,751.00 in attorneys' fees is "reasonable in relation to the work expended." 15 U.S.C. § 1693m(f).

## II.
### CONCLUSION

For the foregoing reasons, the Court finds that FMB is entitled to $57,751.00 in attorneys' fees under 15 U.S.C. § 1693m(f). Final judgment shall enter accordingly.

Date: 1/14/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Debora Walton
P.O. Box 598
Westfield IN 46074