# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

August 10, 2020

To:
Roger A. G. Sharpe
UNITED STATES DISTRICT COURT
Southern District of Indiana
United States Courthouse
Indianapolis , IN 46204-0000

| No. 19-3370 | DEBORAH WALTON,<br>Plaintiff - Appellant<br><br>v.<br><br>FIRST MERCHANT'S BANK,<br>Defendant - Appellee |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:17-cv-01888-JMS-MPB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Jane Magnus-Stinson ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:     No record to be returned

NOTE TO COUNSEL:

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**  **Received by:**

_____8/11/2020_____  _____*Laura Townsend*_____
Deputy Clerk, U.S. District Court

form name: **c7_Mandate**(form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

**CERTIFIED COPY**

July 8, 2020

A True Copy
Teste:

Before:

JOEL M. FLAUM, Circuit Judge

MICHAEL S. KANNE, Circuit Judge

AMY C. BARRETT, Circuit Judge

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

| Nos. 19-3370 & 20-1206 | DEBORAH WALTON,<br>Plaintiff - Appellant<br><br>v.<br><br>FIRST MERCHANT'S BANK,<br>Defendant - Appellee |
|---|---|
| **Originating Case Information:** | |
| District Court No: 1:17-cv-01888-JMS-MPB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Jane Magnus-Stinson | |

We VACATE the judgment with respect to Walton's TCPA claim and REMAND for further proceedings. We AFFIRM in all other respects, in accordance with the decision of this court entered on July 7, 2020. Each side to bear their own costs.

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted June 30, 2020[*]
Decided July 7, 2020

CERTIFIED COPY

**Before**

JOEL M. FLAUM, Circuit *Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

| | |
|---|---|
| Nos. 19-3370 and 20-1206 | |
| DEBORAH WALTON, *Plaintiff-Appellant*, | Appeals from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:17-cv-01888-JMS-MPB |
| FIRST MERCHANT'S BANK, *Defendant-Appellee*. | Jane Magnus-Stinson, *Chief Judge*. |

**O R D E R**

Deborah Walton sued her bank for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the implementing regulation of the Electronic Funds Transfer Act (Regulation E, 12 C.F.R. § 205.7). She alleged that the bank robocalled her hundreds of times and charged overdraft fees without her consent. Walton demanded a jury trial, but after some claims survived summary judgment, the district court accepted the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Nos. 19-3370 and 20-1206                                                              Page  2

bank's argument that Walton had contractually waived the right to a jury trial. After a bench trial, the court found for the bank and awarded it attorney's fees because, the court found, Walton pursued a Regulation E claim in bad faith. *See* 15 U.S.C. § 1693m(f). Walton appeals, contending that she was entitled to a jury trial and challenging the fee award. Because the bank waived its right to invoke the contractual waiver, we vacate the judgment as to the TCPA claim, but we affirm in all other respects.

Walton held several accounts at First Merchant's Bank in Indiana. Though she was a longtime customer, the bank had the wrong social security number on file for her. (The reasons for this have been litigated in other cases but are not pertinent here.) Walton signed an account maintenance form with that number on it; the form authorized overdraft protection for a personal checking account. Besides her accounts at FMB, Walton had personal and business loans from Ameriana Bank. On those loan applications, she provided two phone numbers, one of which she said was a residential line. In 2016, FMB merged with Ameriana and took over Walton's loans.

After the merger, FMB sent all customers, including Walton, a "Consumer Disclosure Booklet" explaining its overdraft policies. The booklet also contained a provision for the mandatory arbitration of any disputes about its services, with the qualification that any claim that was not arbitrated would be "decided in the courts of Delaware County, Indiana, without a jury."

In the following months FMB sent several notices to Walton about delinquencies on her loan payments and, after a service fee emptied her personal checking account, it also began charging daily overdraft fees. The bank tried to reach her by phone at her various numbers about these issues, but, when she answered, Walton was hostile and told it to stop calling. Eventually, in May 2017, the bank closed all her accounts.

Walton then sued the bank in federal court and demanded a jury trial. She asserted that the bank violated Regulation E by charging overdraft fees without her advance notice or consent, and that it violated the TCPA by robocalling her cell phone without her consent. In an amended complaint, she attached the disclosure booklet, reiterated her demand for a jury trial, and asserted that her claim was exempt from the arbitration clause. FMB denied her factual allegations in its answer but did not challenge the jury demand or invoke its arbitration clause. Instead, it filed a case management plan in which it anticipated a three-to-four-day jury trial.

Discovery was contentious. Walton moved to compel production of a "TCPA consent form," even though the bank attested that no such document exists. The bank,

Case 1:17-cv-01888-SEB-MPB   Document 311   Filed 08/11/20   Page 6 of 12 PageID #: 5502
Case: 19-3370   Document: 00713560754   Filed: 07/07/2020   Pages: 8   (3 of 13)

Nos. 19-3370 and 20-1206                                                                                        Page  3

meanwhile, asked her to return a handwritten attorney's note it had produced inadvertently, but she refused and attached it to several court filings. After FMB obtained a protective order for the note, the district court determined that Walton's conduct and motion to compel were not substantially justified. It awarded the bank $13,108.00 in attorneys' fees as a discovery sanction. *See* FED. R. CIV. P. 37(a)(5)(A)–(B). Observing that Walton had been sanctioned for similar conduct in other cases, it warned her not to persist.

Eventually, the parties cross-moved for summary judgment. Walton argued that she should prevail because the bank could not produce a signed form showing that she consented to be contacted by phone. She attested that she received over 900 robocalls about her loans on her home and cell phones, even though she repeatedly asked the bank to stop calling her. As for her claim under Regulation E, she attested that she never received notice of or opted into overdraft protection. FMB countered that Walton consented to being called about her loans by providing her phone numbers on the loan applications with Ameriana and by updating her contact information to include a cell phone number (different from the one on her loan applications) after the merger. The bank also argued that Walton could bring claims only for calls related to her personal loan, not her business loans, because she did not (and as a pro se litigant, could not) sue on behalf of any business. To show that Walton opted into overdraft protection for her personal checking account, the bank submitted her signed account maintenance form.

After a hearing, the district court granted in part and denied in part the cross-motions for summary judgment. For purposes of the Regulation E claim, the court determined that there was a genuine issue of material fact about whether Walton had affirmatively opted into overdraft protection because she testified that the social security number on the account maintenance form was not hers and that she did not recognize it. As to her TCPA claim, fact issues existed about whether Walton gave prior express consent to be contacted about her accounts and at what phone numbers, and also whether FMB used an autodialer to place the calls. The court determined, however, that these issues existed only as to calls to Walton's cell phone about her personal loan. Two months later, in January 2019, after an unsuccessful settlement conference, the court scheduled a jury trial for October 2019.

In July 2019, after Walton retained counsel in preparation for trial, FMB moved under Federal Rule of Civil Procedure 12(f) to strike her jury demand. For the first time, it invoked the jury-trial-waiver clause in its disclosure booklet. Walton responded that the motion was untimely, FMB had waived its right to enforce that clause by acting

Case 1:17-cv-01888-SEB-MPB   Document 311   Filed 08/11/20   Page 7 of 12 PageID #: 5503
Case: 19-3370    Document: 00713560754    Filed: 07/07/2020    Pages: 8    (4 of 13)

Nos. 19-3370 and 20-1206                                                                                    Page  4

inconsistently with it for over two years of litigation, and the clause was intertwined with the mandatory arbitration clause that was inapplicable to her claims. The district court reasoned that it had discretion to consider the untimely Rule 12(f) motion and granted it. It concluded that FMB's conduct did not show intentional relinquishment of its right to a bench trial and rejected Walton's argument that the bench-trial clause was intertwined with the arbitration clause. Moreover, a bench trial would conserve judicial resources and would not prejudice Walton because it required less preparation.

At trial, the court heard primarily from Walton and a bank manager. When Walton revealed that the "home" number listed on her loan applications was another cell phone number, the court refused the late attempt to broaden the scope of her TCPA claim to include calls to that number. The manager admitted that the bank called Walton several times using software maintained by an outside vendor, and that she was agitated by those calls. He did not know if the software was an autodialer under the TCPA—only that it interfaced with FMB's core banking software and had both manual and automatic modes. Walton submitted records of hundreds of phone calls and recounted her efforts to get the bank to stop calling. She believed FMB used an autodialer because she heard pre-recorded messages whether she answered the calls or let them go to voicemail. She also admitted that she had known for years that FMB had the wrong social security number on file for her and that she signed the account maintenance form with the opt-in provision.

After post-trial briefing, the district court entered findings of fact and conclusions of law. Though Walton may have initially agreed to be contacted on her cell phone, the court found, she had revoked her consent by March 2016. The evidence showed that she received at least five calls to her cell phone about her personal loan after that. The bank manager's testimony was inconclusive about whether the bank used an autodialer to place those calls, however, and the district court did not credit Walton's testimony that she heard pre-recorded messages when she picked up the phone because of her "dishonesty and lack of candor" throughout the case. The court further found that Walton pursued her Regulation E claim to trial in bad faith. Walton knew that the claim survived summary judgment only because of confusion about the social security number on the opt-in form—which Walton had created with misleading testimony. Because she continued to litigate the claim, the court awarded attorneys' fees to FMB under 15 U.S.C. § 1693m(f).

The bank requested $57,751.00 in fees. It submitted time logs detailing the trial preparation of three attorneys to defend against the Regulation E claim and information

Case 1:17-cv-01888-SEB-MPB   Document 311   Filed 08/11/20   Page 8 of 12 PageID #: 5504
Case: 19-3370   Document: 00713560754   Filed: 07/07/2020   Pages: 8   (5 of 13)

Nos. 19-3370 and 20-1206 Page 5

about their billing rates, which they attested were heavily discounted. Walton objected that the amount was grossly disproportionate to her potential recovery for that claim and that the bank used too many lawyers, but the court awarded FMB the full amount.

On appeal, Walton proceeds pro se again, and she first contends that the district court erred in striking her jury demand. She maintains that, through its conduct, FMB waived its right to enforce the jury waiver clause.

Parties may impliedly waive their contractual rights by acting inconsistently with them. *Kawasaki Heavy Industries, Ltd.*, 660 F.3d 988, 994 (7th Cir. 2011). Courts evaluate the totality of the circumstances to determine if such a waiver occurred. *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004). A party's diligence, or lack thereof, in asserting its rights under a contract weighs heavily in that consideration. *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995).

Considering this standard, FMB implicitly waived its contractual right to a bench trial. Through her pleadings, Walton put the bank on notice that she believed she was entitled to a jury trial and that the contractual waivers did not apply to her claims. FMB did not raise the jury waiver in its answer to either of her complaints, however, either as an affirmative defense in its answer or in a motion to strike. Nor did it seek to arbitrate her claims or move them to a Delaware County court. Indeed, in its case management plan, the bank anticipated a jury trial in a federal court.

What's more, the bank did not change position until over two years later, after Walton's claims survived summary judgment and she retained counsel. Even after it failed to secure a complete victory at summary judgment, and the prospect of a trial was certain, the bank waited nine more months to invoke the clause—six of which came after the court scheduled the case for a jury trial in the wake of the failed settlement conference. Conceivably, Walton's position on settlement would have been different had she known the factfinder would be the district judge, not a jury, but FMB left her and the court in the dark. In any event, FMB's engagement in protracted litigation in federal court, its express references to an impending jury trial, and its eleventh-hour invocation of the jury-trial waiver constituted an implied waiver of its contractual right to avoid a jury trial.

FMB's arguments to the contrary are unpersuasive. It simply repeats the contractual language and observes that courts have granted motions to strike jury demands even "on the eve of trial." But in the single case it cites from this circuit, the relief sought was equitable, so the litigants had no right to a jury to begin with.

Case 1:17-cv-01888-SEB-MPB Document 311 Filed 08/11/20 Page 9 of 12 PageID #: 5505
Case: 19-3370 Document: 00713560754 Filed: 07/08/2020 Pages: 8 (6 of 13)

Nos. 19-3370 and 20-1206                                                                  Page  6

*See Kramer v. Banc of Am. Secs., L.L.C,* 355 F.3d 961, 968 (7th Cir. 2004). Walton, by contrast, sought statutory damages under § 227(b)(3) of the TCPA, the type of legal remedy for which a jury trial is ordinarily available. *See, e.g., Lucas v. U.S. Bank, N.A.,* 953 N.E.2d 457, 460 (Ind. 2011); *Kobs v. Arrow Serv. Bureau, Inc.,* 134 F.3d 893, 896 (7th Cir. 1998). FMB also points to *Tracinda Corp. v. DaimlerChrystler AG,* in which the Third Circuit determined that a jury trial waiver clause in the contract that was the subject of the parties' dispute was valid. 502 F.3d 212, 227 (3d Cir. 2007). The *Tracinda* court, however, did not consider whether any party implicitly waived reliance on that clause. That is the only issue here; the validity of the contractual waiver is not disputed.

Our inquiry does not end there; we must also determine whether, as FMB asserts, denying Walton a jury trial was harmless. *Partee v. Burch,* 28 F.3d 636, 639 (7th Cir. 1994). As to the TCPA claim, it was not. Walton had to prove that (1) the bank called her cell phone (2) without her prior express consent (3) using an "automatic telephone dialing system" or a pre-recorded message to initiate the call. 47 U.S.C. § 227(b)(1)(A)(iii), 227(b)(1)(B); *see Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 373 (2012). Based on the trial testimony and phone records, the district court found that she proved the first two elements for at least five phone calls. Her proof on the third element failed. Because Walton failed to introduce any evidence that the bank used an automatic telephone dialing system to place the calls, she could succeed only by showing that she received prerecorded messages from the bank. Her only evidence on that score was her own testimony, which the court refused to credit. That was a reasonable choice given Walton's deceptive behavior throughout the litigation; at the same time, however, a different factfinder might draw a different conclusion. Denying Walton a jury trial is harmless only if the bank would have been entitled to a directed verdict, *Partee,* 28 F.3d at 639, and we cannot say that no reasonable jury could believe Walton's account of what she heard over the phone.

Walton's Regulation E claim fares differently. That claim went to trial only because, at the summary judgment stage, Walton's testimony that she did not recognize the social security number on the account maintenance form created an apparent factual issue about whether she had expressly authorized overdraft protection. At trial, though, Walton admitted that she knew the social security number on the account maintenance form she signed was the one FMB had on file for her and that the form pertained to her account. No reasonable jury could have found, therefore, that she did not opt into coverage. The error was therefore harmless as to this claim. *See Partee,* 28 F.3d at 639.

Case 1:17-cv-01888-SEB-MPB   Document 311   Filed 08/11/20   Page 10 of 12 PageID #: 5506
Case: 19-3370   Document: 00713560754   Filed: 07/08/2020   Pages: 8   (7 of 13)

Nos. 19-3370 and 20-1206                                                          Page  7

Walton next challenges the post-trial award of attorneys' fees to FMB under 15 U.S.C. § 1693m(f), which requires a court to award fees "reasonable in relation to the work expended" if it finds that a plaintiff brought a meritless action under the EFTA in bad faith. Walton first argues that the district court's bad-faith finding is logically flawed because her claim made it to trial and so could not have been "brought" in bad faith. However, bad faith can arise after the filing of a complaint. *See Mach v. Will Cty. Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009). Here, the court's summary judgment order put her on notice that, except for the ambiguity about the social security number on the account maintenance form, her claim failed as a matter of law because FMB had her written consent to charge overdraft fees. Walton still pressed her claim to trial, inflicting unnecessary costs on the bank, only to admit that she had known all along that the form, though inaccurate, concerned her account. The district court therefore did not clearly err in its finding. *See In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001).

Walton also renews her challenges to the reasonableness of the fees, which we review for abuse of discretion. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). District courts typically calculate fee awards using the lodestar method, multiplying the "number of hours reasonably expended on the litigation … by a reasonably hourly rate" and then making whatever adjustments the facts call for. *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). First, Walton maintains that FMB used too many lawyers on its trial team. But its three attorneys provided detailed time logs, and she does not identify a single entry as unnecessary or redundant. *See Gautreaux v. Chicago Housing Auth.*, 491 F.3d 649, 661 (7th Cir. 2007). FMB's lawyers further attested to the basis of their respective billing rates, which were discounted in this case. Walton provides no reasons to question the reasonableness of those rates. *Pickett*, 664 F.3d at 640. Next, Walton objects that the award of $57,751.00 grossly exceeds her maximum potential recovery under Regulation E, which was $2,000 by statute. But she cites no authority requiring proportionality in the context of a bad-faith sanction. The purpose of bad faith sanctions is to reimburse a party for losses caused by the other side's abuse of judicial process. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). Walton does not contend that the fee award goes beyond the bills FMB incurred because of her misconduct. *See id.* She therefore has not met her burden of showing that the fees were unreasonable.

We briefly address two of Walton's remaining arguments. First, she contends that the judge was biased against her and cites several adverse rulings as evidence. But adverse rulings alone show neither bias nor a need for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Walton also asserts that she was not given an opportunity to be

Nos. 19-3370 and 20-1206 Page 8

heard before the district court awarded FMB $13,108.00 in attorneys' fees as a discovery sanction. The record shows otherwise: Walton may have had more to say, but the court held a hearing and entertained several rounds of briefing before imposing that sanction.

Accordingly, we VACATE the judgment with respect to Walton's TCPA claim and REMAND for further proceedings. We AFFIRM in all other respects.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

CERTIFIED COPY

## ORDER

August 3, 2020

*By the Court:*

| | |
|---|---|
| Nos. 19-3370 & 20-1206 | DEBORAH WALTON, <br> Plaintiff - Appellant <br><br> v. <br><br> FIRST MERCHANT'S BANK, <br> Defendant - Appellee |
| **Originating Case Information:** | |
| District Court No: 1:17-cv-01888-JMS-MPB <br> Southern District of Indiana, Indianapolis Division <br> District Judge Jane Magnus-Stinson | |

Upon consideration of the **APPELLANT MOTION TO SUPPLEMENT EXHIBIT A OF PETITION FOR REHEARING**, filed on July 17, 2020, by the pro se appellant,

**IT IS ORDERED** that the motion is **DENIED** as unnecessary. This court already has access to the document in the record.

form name: **c7_Order_BTC**(form ID: **178**)