UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORA WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01888-JMS-MPB |
| | ) | |
| FIRST MERCHANTS BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Debora Walton held several accounts at Defendant First Merchants Bank ("FMB"), and initiated this action against FMB alleging claims for breach of business and consumer contracts, violation of Regulation E, and violation of the Telephone Consumer Protection Act ("TCPA"). After the Court ruled on the parties' cross-motions for summary judgment, Ms. Walton's Regulation E and TCPA claims remained for trial. Subsequently, the Court granted FMB's Motion to Strike Plaintiff's Jury Trial Demand and a two-day bench trial took place. The Court ultimately found that Ms. Walton's claims were without merit and that FMB was entitled to certain attorneys' fees related to the Regulation E claim. Ms. Walton then appealed the Court's decision, along with other rulings made during the litigation, to the Seventh Circuit Court of Appeals. The Seventh Circuit Court of Appeals affirmed this Court's decisions in all respects except for one, finding that the Court erred in granting FMB's Motion to Strike Plaintiff's Jury Trial Demand, and remanded the case for a jury trial on Ms. Walton's TCPA claim only. Ms. Walton has now filed a Motion for a New Judge in which she requests that another judge preside over her jury trial, [Filing No. 314], and that motion is ripe for the Court's decision.

# I.
## STANDARD OF REVIEW

Ms. Walton brings her Motion For a New Judge under 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [her] or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The Seventh Circuit Court of Appeals has stated that § 144 is "a powerful tool that could easily be abused," so a motion for recusal under § 144 can be denied "if the moving party fails to satisfy the statute's strict procedural demands." *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020). Ms. Walton has filed an Affidavit, but the Affidavit is not "accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. While the lack of a certificate of good faith from counsel is likely due to the fact that Ms. Walton is proceeding *pro se* at this time, her *pro se* status does not excuse her non-compliance with § 144. *See Robinson v. Gregory*, 929 F. Supp. 334, 337 (S.D. Ind. 1996) ("The statutory language of Section 144 appears to prevent a *pro se* litigant from using Section 144 to obtain disqualification of the presiding judge"). The lack of a certificate of good faith from counsel is fatal to Ms. Walton's request for disqualification under § 144. *See, e.g.*, *Barr*, 960 F.3d at 919 (where movant failed to file required certificate of counsel, motion to disqualify was properly denied); *United States v. Sykes*, 7 F.3d

1331, 1339 (1993) (recusal not required where movant's affidavit "fail[ed] to satisfy the stringent requirements of section 144 in a number of respects").

Even so, a *pro se* litigant may seek recusal of a judge under 28 U.S.C. § 455, and "they can raise exactly the same issues" as under § 144 – "all they will lose is the automatic disqualification that occurs under Section 144." *Robinson*, 929 F. Supp. at 338. Accordingly, even though the Court could deny Ms. Walton's motion brought pursuant to § 144 for failing to comply with the requirements of the statute she relies upon, because it takes accusations of bias extremely seriously, it will consider Ms. Walton's motion as if it were brought under § 455.

Section 455 states in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned.

(b) [She] shall also disqualify [herself] in the following circumstances:

(1) Where [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding….

The Seventh Circuit Court of Appeals has instructed that "[i]n evaluating whether a judge's impartiality might reasonably be questioned, our inquiry is 'from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances.'" *In re Sherwin-Williams Co.*, 607 F.3d 474, 477 (7th Cir. 2010) (emphasis omitted) (quoting *Cheney v. United States Dist. Court*, 541 U.S. 913, 924 (2004)). Further, "[t]hat an unreasonable person, focusing on only one aspect of the story, might perceive a risk of bias is irrelevant." *In re Sherwin-Williams Co.*, 607 F.3d at 477. Rather:

> [b]ecause some people see goblins behind every tree, a subjective approach would approximate automatic disqualification. A reasonable observer is unconcerned about trivial risks; there is always some risk, a probability exceeding 0.0001%, that a judge will disregard the merits. Trivial risks are endemic, and if they were enough to require disqualification we would have a system of preemptory strikes and judge-

3

>shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons. A thoughtful observer understands that putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could introduce a bias into adjudication. Thus the search is for a risk substantially out of the ordinary.

*Matter of Mason*, 916 F.2d 384, 386 (7th Cir. 1990) (emphasis omitted).

## II.
### DISCUSSION

In her Motion for a New Judge, Ms. Walton focuses on three actions by the Court: (1) the Court's finding that Ms. Walton's TCPA claim was limited to calls to her cell phone and was not based on calls to her residential landline; (2) the Court's finding that calls to Ms. Walton's cellular telephone ending in 7706 – which Ms. Walton refers to as her "home phone" – could not form the basis for her TCPA claim; and (3) the Court correcting FMB's counsel when he called a witness by the wrong name. [Filing No. 314 at 1-2.] She argues that these actions entitle her to a new judge to preside over her jury trial. [Filing No. 314 at 1-2.]

FMB responds that Ms. Walton raised each of these grounds in her appeal to the Seventh Circuit, and that the Seventh Circuit found that the Court's adverse rulings were not enough to show that the undersigned was biased or that recusal was required. [Filing No. 316 at 1-2.]

Ms. Walton did not file a reply brief.

The Court considers each basis for Ms. Walton's motion in turn.

### A. The Court's Ruling Limiting Ms. Walton's TCPA Claim to Calls to Her Cell Phone

First, Ms. Walton argues that she does not believe the undersigned can be fair in her upcoming jury trial because "[t]he Judge excluded the calls to the Plaintiff's home phone numbers, however; the statute for TCPA 47 U.S.C. § 227(b)(1)(A)(iii), 27 (b)(1)(B), includes calls made by an ATDS and or Pre-recorded calls to both home and cell phone numbers. The 7th Circuit pointed

4

out the obvious of this TCPA statute, which is a very significant [part] of the Plaintiff's case, especially when a large number of the pre-recorded calls where (sic) left on the Plaintiff's home phone (cell) numbers." [Filing No. 314 at 1.]

The Court found in its Order on the parties' Cross-Motions for Summary Judgment that Ms. Walton's TCPA claim related only to calls to her cellular telephone, and not calls to her residential landline. It noted that her allegations in the Amended Complaint only refer to calls to her cell phone, and that she only mentioned calls to her cell phone in her Statement of Claims. [Filing No. 188 at 22.] Ms. Walton has not demonstrated how this ruling shows any bias by the undersigned. Indeed, Ms. Walton made this very argument to the Seventh Circuit Court of Appeals, arguing that the undersigned "made it very clear that she could not be fair and impartial with [Ms. Walton]," in part due to "improper[ly] limit[ing] [the] TCPA claims to cellphone calls…." [Filing No. 25 at 21-24 in *Walton v. First Merchants Bank*, Case No. 19-3370 (7th Cir.).] The Seventh Circuit noted that Ms. Walton "cite[d] several adverse rulings as evidence" in arguing that the undersigned was biased, but found that "adverse rulings alone show neither bias nor a need for recusal." *Walton v. First Merchants Bank*, --- Fed. App'x ----, 2020 WL 3791946, at \*5 (7th Cir. 2020).

Ms. Walton has not shown that the Court's ruling limiting her TCPA claim to calls to her cell phone is anything other than an adverse ruling, and that ruling does not require recusal. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015) ("Adverse rulings do not constitute evidence of judicial bias"); *Liteky v. United States*, 510 U.S. 540, 555 (1994) (adverse rulings "are proper grounds for appeal, not for recusal").

### B. The Court's Ruling Limiting Ms. Walton's TCPA Claim to Calls to the Cell Phone Ending in 9633

Second, Ms. Walton argues that when an AT&T representative testified at the bench trial that Ms. Walton's home phone number was actually a cell phone, "not only did the Judge question the witness as if she had made a mistake, the Judge went as far as to throw out all of the calls." [Filing No. 314 at 2.]

When Ms. Walton sought to rely on calls to her cell phone ending in 7706 for her TCPA claim, FMB filed a Motion to Confirm Limits on Scope of Trial. [Filing No. 272.] The Court granted the motion on the record during the second day of the bench trial in this matter, finding that FMB had specifically asked Ms. Walton in her deposition on which cell phone numbers she had been contacted by FMB, and she answered "just the [9633] cell phone number." [Filing No. 276 at 8-9.]

Ms. Walton has not shown, as she must in order to succeed on her Motion for a New Judge, that the Court's ruling limiting her TCPA claim to calls to the 9633 phone number was anything more than an adverse ruling. Additionally, Ms. Walton relied on this ruling in her appellate brief to the Seventh Circuit Court of Appeals, arguing that the undersigned was biased because she "excluded the AT&T Witness testimony at Trial, when the Appellee counsel never objected to the ATT&T (sic) Witnesses['] testimony, on the cell phone number [ending in] 7706, after being over-ruled on his first question concerning the cell phone number, and this was within claims." [Filing No. 25 at 22-23 in *Walton v. First Merchants Bank*, Case No. 19-3370 (7th Cir.).] The Seventh Circuit rejected Ms. Walton's argument that this ruling exhibited any bias on the part of the undersigned. *Walton*, 2020 WL 3791946, at *5. The Court's ruling that Ms. Walton's TCPA claim is limited to calls to the cell phone number ending in 9633 does not provide a basis for disqualification under 28 U.S.C. § 455.

### C. The Court Correcting FMB's Counsel Regarding the Name of a Witness

Finally, Ms. Walton argues that "[w]hen the Judge immediately corrected [FMB's counsel] Mr. John McCauley when he call[ed] Mr. Brian Hunt by the wrong name, it came off as if the Judge personally knows Mr. Brian Hunt." [Filing No. 314 at 2.]

To the extent Ms. Walton is arguing that the undersigned is biased because she is acquainted with Brian Hunt, a witness at the bench trial, this notion is unfounded. To the extent that Ms. Walton is claiming that the undersigned somehow coached FMB's counsel when he was questioning Mr. Hunt, [*see* Filing No. 314-1 at 2 (Ms. Walton stating in her affidavit that "the record will show that the Judge coached Mr. John McCauley at the Bench trial")], this again is an argument that Ms. Walton made to the Seventh Circuit and that the Seventh Circuit rejected, [*see* Filing No. 25 at 22 in *Walton v. First Merchants Bank*, Case No. 19-3370 (7th Cir.) (Ms. Walton arguing in her appeal that the undersigned was biased when she "intervened on evidentiary issues and coached the Appellee counsel on how to reformulate questions and assisted the Appellee's counsel with arguments at Trial"); *Walton*, 2020 WL 3791946, at *5 (rejecting Ms. Walton's claims of bias)].

Ms. Walton's vague claims as to personal knowledge of Mr. Hunt or correction of FMB's counsel after he called Mr. Hunt by the wrong name, and that she was somehow coaching FMB's counsel, are without merit and do not warrant recusal.[1]

---

[1] Although not raised in her motion, Ms. Walton states in her Affidavit that she "ha[s] actual knowledge that [FMB's counsel] told [Ms. Walton's former counsel] that the Judge made it very clear that she did not want my case to go to trial." [Filing No. 314-1 at 2.] Ms. Walton does not explain the significance of this statement, and whatever FMB's counsel may have told Ms. Walton's former counsel is irrelevant to the issue of bias in any event.

### D. The Court's Findings Regarding Ms. Walton's Credibility

While not explicitly raised by Ms. Walton in her motion, the Court considers whether its prior findings regarding Ms. Walton's credibility weigh in favor of recusal. In connection with the bench trial, the undersigned found that Ms. Walton's testimony regarding FMB's use of a prerecorded or artificial voice was not credible, [Filing No. 286 at 12-14], and that Ms. Walton has "demonstrated a lack of candor and honesty throughout this litigation," [Filing No. 286 at 13]. The undersigned also has awarded attorneys' fees to FMB based on a finding that Ms. Walton knew about a discrepancy involving her social security number on overdraft protection opt-in documents, yet persisted in pursuing a meritless claim. [Filing No. 286 at 20.]

Although these findings do not exhibit bias on the part of the undersigned – they are merely adverse rulings which have been affirmed on appeal – this case is in an unusual posture. The undersigned has made adverse credibility determinations, and the case has been remanded for the undersigned to hold a jury trial in which some of the very issues for which the undersigned found Ms. Walton was not credible will be presented to the jury. Based on this unusual procedural posture and the undersigned's prior credibility findings, the undersigned finds, in her discretion, that recusal is in the interest of justice, so that the merits of case are the sole focus.

### III.
#### CONCLUSION

The Court finds that Ms. Walton's request for a new judge is fatally defective under 28 U.S.C. § 144 because Ms. Walton's Affidavit supporting her motion is not "accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. Additionally, Ms. Walton has not shown that recusal is warranted under 28 U.S.C. § 455 because a reasonable observer could not conclude, based on the surrounding facts and circumstances, that the actions taken by the Court upon which Ms. Walton relies – most of which she raised in her appeal and the

Seventh Circuit rejected as demonstrating bias – indicate any bias on the part of the undersigned. Nevertheless, the Court exercises its discretion to recuse. The undersigned has made multiple adverse credibility findings during the prior conduct of the proceedings, and the protracted history of this case cautions in favor of minimizing (as opposed to perpetuating) issues that are unrelated to the merits. Accordingly, Ms. Walton's Motion for a New Judge, [314], is **GRANTED**.  The **CLERK IS DIRECTED** to randomly re-assign this case to a new judge.

Date: 9/16/2020

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Debora Walton
P.O. Box 598
Westfield, IN 46074