UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH WALTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-01888-SEB-MPB ) |
| FIRST MERCHANTS BANK, | ) ) |
| Defendant. | ) ) |

**ORDER DENYING MOTION FOR RELIEF**

On January 24, 2020, following a two-day bench trial conducted by the Honorable Jane Magnus-Stinson,[1] final judgment was entered against Plaintiff Deborah Walton ("Ms. Walton") and in favor of Defendant First Merchants Bank ("FMB") on all claims, including Ms. Walton's allegations that FMB had committed a breach of contract (Count I); that FMB had violated Regulation E of the Electronic Funds Transfer Act, 12 C.F.R. § 205.7 ("Regulation E") (Count II); that FMB had violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (Count III); and that FMB had violated Indiana's "Autodialer Law," Ind. Code § 24-5-14-1 (Count IV).  The Court further ruled that Ms. Walton had proceeded in bad faith given the seriously distorted facts on which she relied that allowed her claim to survive summary judgment. Accordingly, Ms. Walton was ordered to pay FMB's attorneys' fees in the sum of $57,751.00 as a sanction.

Ms. Walton sought appellate review of the Court's determinations and ruling related to the Regulation E and TCPA claims as well the award of attorneys' fees. The

---

[1] This matter was reassigned to the undersigned judge on September 16, 2020. [Dkt. 320].

1

Seventh Circuit vacated the Judgment with respect to Ms. Walton's TCPA claim but affirmed the Judgment in all other respects and later denied her request for a rehearing. The Supreme Court denied Ms. Walton's petition for writ of certiorari and also her request for a rehearing.

Now before the Court is Ms. Walton's Motion for Relief from Judgment, filed pursuant to Federal Rules of Civil Procedure 60(b)(2) and 60(b)(3), in which she seeks to vacate the Judgment entered against her with respect to her Regulation E claim. For the reasons set forth herein, this motion is **denied.**

## Background

Ms. Walton *pro se* initiated this lawsuit on June 8, 2017, alleging a host of claims arising from her banking relationship with FMB, where she maintained several personal and corporate bank accounts. [*See* Dkt. 1]. In relevant part, Ms. Walton alleged that FMB violated Regulation E by charging her unauthorized overdraft fees.[2]

While the case was pending before Judge Magnus-Stinson, Ms. Walton filed partial motions for summary judgment seeking summary judgment on each of her four claims; FMB cross-moved for summary judgment on each of the claims against it. On November 28, 2018, Judge Magnus-Stinson denied Ms. Walton's motions in their entirety and granted FMB's motion in part and denied it in part. Specifically, Judge Magnus-

---

[2] Regulation E provides, in relevant part, that "a financial institution holding a consumer's account shall not assess a fee or charge on a consumer's account for paying an ATM or one-time debit card transaction pursuant to the institution's overdraft service, unless the institution: . . . (iii) Obtains the consumer's affirmative consent, or opt-in, to the institution's payment of ATM or one-time debit card transactions . . ." 12 C.F.R. § 1005.17(b)(iii)

2

Stinson granted FMB's motion as it related to Counts I (breach of contract) and IV (Indiana's "Autodialer law"). She denied FMB's request for summary judgment on Ms. Walton's TCPA and Regulation E claims.

With respect to Ms. Walton's Regulation E claim, FMB argued that summary judgment was warranted, in part, because Ms. Walton had opted in to overdraft protection, so the fees of which she complained were therefore not unauthorized under Regulation E. FMB buttressed this argument with several documents, including a 2010 account maintenance form showing that Ms. Walton had, indeed, opted in to overdraft protection pursuant to Regulation E. Ms. Walton respondedthat she did not recognize the social security number ending in 3888 that was listed on FMB's opt-in form. Because Ms. Walton's social security number apparently does not end in 3888, Judge Magnus-Stinson determined that a question of fact existed as to whether Ms. Walton had opted in to overdraft protection:

> While Ms. Walton does not cite to any record evidence indicating that she did not opt in to overdraft protection and, notably, her Affidavit does not discuss whether or not she opted in, Ms. Walton testified that Exhibit N, relied upon by FMB, lists a social security number that is not hers. The Court finds that a genuine issue of fact exists regarding whether Ms. Walton opted into overdraft protection for the FMB Personal Accounts.

[Dkt. No. 188 at 19-20 (internal citations omitted)].

However, Judge Magnus-Stinson also noted that:

> The denial of summary judgment for FMB on this claim is perhaps more a function of the nature of the briefing rather than the strength of Ms. Walton's case. This may well be an issue that can be cleared up through testimony at trial regarding the social security number discrepancy. But, at the summary judgment stage, an issue of fact remains.

3

[Dkt. 188 at 20 n.9.]

At trial, Ms. Walton admitted knowing that the social security number on the account maintenance form was the one that FMB had on file for her and that the form pertained to her account. [Trial Transcript, Volume 2, pp. 313:13-314:5.] Ms. Walton also admitted at trial that that she had previously lied to another financial institution about her social security number, which lie had been identified by Magistrate Judge McVicker Lynch in a separate proceeding before our court. (Trial Transcript, Volume 2, pp. 632:10-363:16); *Walton v. EOS CCA*, 1:15-cv-00822, 2017 WL 9531997, at *7 (S.D. Ind. July 24, 2017), *report and recommendation adopted*, 2017 WL 4324739 (S.D. Ind. Sept. 29, 2017), *aff'd*, 885 F.3d 1024 (7th Cir. 2018). In addition, FMB's trial evidence established that Ms. Walton had signed numerous documents over the span of nearly a decade, at least once time under the penalties of perjury, affirming that the final four digits of her social security number were 3888. (Trial Transcript, Volume 2, pp. 218:4-223:6; Trial Exhibit 68; Trial Exhibit 78A; Trial Exhibit 24; Trial Exhibit 29; Trial Exhibit 31.)

In her post-trial Findings of Fact and Conclusions of Law, Judge Magnus-Stinson determined that the discrepancy regarding Ms. Walton's social security number, which had saved her at summary judgment was "inconsequential, as the evidence establishes that Ms. Walton used two different social security numbers, including the one that appears on the opt-in documents." [Dkt. 286 at 18]. Judge Magnus-Stinson further concluded that Ms. Walton had litigated her Regulation E claim in bad faith, explaining that Ms. Walton, who has initiated at least twenty different *pro se* suits in the district court, "frequently challenges Court rulings multiple times, through numerous layers of

4

filings. [*Id.* at 19-21]. She has been sanctioned in this case and other cases for frivolous filings." [Id. at 19]. Judge Magnus-Stinson also determined that Ms. Walton should have known that her Regulation E claim was frivolous, at the latest, following the issuance of summary judgment order, in which the Court expressly stated that the sole reason that the Regulation E claim survived summary judgment was because of the confusion over Ms. Walton's social security number. [Id. at 20.]. Because Ms. Walton pursued her claim to trial only to admit that she had known all along that FMB's account maintenance form concerned her account and featured an inaccurate social security, Judge Magnus-Stinson awarded FMB its fees incurred in having to defend the frivolous Regulation E claim. [*Id.* at 19-21]. The Seventh Circuit affirmed this judgment on appeal. *Walton v. First Merch.'s Bank*, 820 F. App'x 450, 456 (7th Cir.), *reh'g and suggestion for reh'g en banc denied* (July 31, 2020), *cert. denied*, 141 S. Ct. 626 (2020), *reh'g denied*, 141 S. Ct. 949 (2020).

Ms. Walton currently seeks relief from Judge Magnus-Stinson's entry of judgment in favor of FMB on the Regulation E claim, contending that, after the conclusion of trial, "Federal Agencies" "informed First Merchants Bank that their Corporate Representative (Expert Witness), Christopher Horton lied under oath at trial." [Dkt. 341, at 4]. She further contends that Mr. David Tittle, FMB's former counsel, facilitated this perjury by directing Mr. Horton to lie. According to Ms. Walton, Mr. Horton was fired from FMB for having committed perjury at trial. She also asserts that Brian Hunt, FMB's General Counsel, was also terminated because of his involvement with Mr. Horton's alleged perjury.

## Analysis

Though Ms. Walton states that she is bringing her motion for relief pursuant to Federal Rules of Civil Procedure 60(b)(2), which permits relief from a judgment or order because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial[,]"as well as pursuant to Rule 60(b)(3), which allows for such relief because of fraud or misconduct by an opposing party, her analysis is limited to accusations of fraud against representatives of FMB. She does not identify any "newly discovered evidence" or craft any arguments to this effect. Accordingly, we shall focus our review here on whether the requested relief is appropriate under Rule 60(b)(3), which requires Ms. Walton to demonstrate by clear and convincing evidence that: "(1) [she] maintained a meritorious claim at trial; (2) but because of the fraud, misrepresentation, or misconduct; (3) [she] was prevented from fully and fairly presenting [her] case at trial. *Fields v. City of Chicago*, 981 F.3d 534 (7th Cir. 2020). For the reasons outlined below, we conclude that relief under Rule 60(b)(3) is unavailable to her.

First, as FMB correctly explains, Ms. Walton's motion is obviously untimely. The order being challenged, that is, the final judgment entered against Ms. Walton, was issued on November 25, 2019. The plain language of Rule 60 dictates that any motion brought pursuant to subsection (b)(3) must be brought "no more than a year after the entry of the

judgment or order[.]" Here, Ms. Walton filed her pending motion on April 12, 2021—well beyond the one-year deadline.[3]

Moreover, assuming *arguendo* that her motion was timely and that she possesses a meritorious Regulation E claim, Ms. Walton fails to identify any fraud or misconduct that would have prevented her from "fully and fairly presenting [her] case at trial." A vague assertion that the opposing party has committed "perjury" without any identification as to what testimony was untrue or misleading or how it prevented a fair trial is insufficient to justify the extraordinary remedy prescribed in Rule 60.[4]

Of even greater concern to us is the fact that Ms. Walton's motion contains several "factual" assertions which appear to be complete falsehoods. As previously stated, she contends, for example, that "federal agencies" reported to FMB that Mr. Horton had committed perjury at trial in support of which she has submitted no documentary evidence, nor does she explain how she acquired such information. Conversely, FMB has submitted affidavits from Mr. Horton and Mr. Hunt attesting to the fact that no such communication was ever transmitted. Ms. Walton also adduces no evidence in support of

---

[3] Ms. Walston asserts that instances of "fraud on the court" are not bound by this one-year limitation. Though this is true, Ms. Walton has not alleged (let alone shown) that FMB committed fraud on the court, which includes acts that "defile the court." "[S]imple perjury by a witness" is not such an act. *In re Golf 255*, Inc., 652 F.3d 806, 809 (7th Cir. 2011). To the extent an attorney's involvement in such perjury could be considered fraud on the court, *see id.*, Ms. Walton's allegation that Attorney Tittle directed Mr. Horton to commit perjury is entirely unsubstantiated, as discussed herein.

[4] Ms. Walton also makes several assertions which appear irrelevant to the question of Mr. Horton's alleged perjury, for example, whether FMB's counsel submitted "bogus Invoices" to the court. We understand this to be an attack on the fee award, which has been affirmed by the Seventh Circuit. In addition, she offers arguments relevant to FMB's Motion for Proceeding Supplement, which is pending before the Magistrate Judge. We need not review those here.

7

her allegation that Mr. Horton and Mr. Hunt were terminated from FMB and that FMB directed Mr. Tittle to withdraw as counsel for FMB in this litigation because of the aforementioned perjury. Again, FMB has provided sworn affidavits attesting that this is not true; in fact, Mr. Horton and Mr. Hunt remain employed with FMB, and Mr. Tittle withdrew from this litigation because he no longer desired to be involved with Ms. Walton's cases. As to the alleged (yet unsubstantiated) perjury, Mr. Horton maintains that he was entirely truthful in his testimony to the Court, and FMB categorically denies Ms. Walton's unsubstantiated claim that it has ever possessed any knowledge of Mr. Horton providing false testimony at trial.

For these reasons, Ms. Walton's request for relief under Rule 60(b)(3) is denied.

We conclude by addressing FMB's Motion for Sanctions against Ms. Walton, in which it seeks to recover its fees incurred in litigating Ms. Walton's Motion for Relief as well as her "Motion to Strike FMB's Motion for Proceedings Supplemental," which remains pending before the Magistrate Judge. Ms. Walton has not responded to FMB's Motion for Sanctions, and the deadline to do so has passed. We therefore **order Ms. Walton to show cause, no later than seven (7) days from the date of this Order,** why FMB should not be awarded, for the reasons stated in its pending Motion for Sanctions, its reasonable attorneys' fees incurred in responding to her Motion for Relief. Failure to respond will result in an order granting the requested fees. She is further ordered to respond to FMB's additional arguments set out in its Motion for Sanctions that relate to her pending Motion to Strike. Again, failure to respond will result in a waiver of any

defenses she may possess with respect to FMB's allegations that her Motion to Strike is frivolous.

## **CONCLUSION**

Ms. Walton's Motion for Relief [Dkt. 341] is **denied.** She is ordered to respond to FMB's Motion for Sanctions, [Dkt. 346], no later than **seven (7) days** from the date of this Order, and to show cause why sanctions should not be entered against her for the reasons stated in therein.

IT IS SO ORDERED.

Date: 5/27/2021

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEBORAH WALTON
P.O. Box 598
Westfield, IN 46074

Richard A. Cook
YOSHA COOK & TISCH
rcook@yoshalaw.com

John F. McCauley
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
john.mccauley@dentons.com

Jessica Laurin Meek
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
jessica.meek@dentons.com

Andrew M. Pendexter
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
andrew.pendexter@dentons.com

Alex S Rodger

BINGHAM GREENEBAUM DOLL LLP
asrodger@strausstroy.com