UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-01888-SEB-MPB |
| | ) |
| FIRST MERCHANTS BANK, | ) |
| | ) |
| Defendant. | ) |

**ORDER OF DISMISSAL**

Plaintiff, Deborah Walton, who proceeds here *pro se*, filed this case in June 2017 alleging violations of Regulation E of the Electronic Funds Transfer Act and of the Telephone Consumer Protection Act ("TCPA"), among other claims, against Defendant First Merchants Bank ("FMB"). (Dkt. 1; Dkt. 15). After a protracted litigation history, including six separate appeals by Ms. Walton, and a $57,751.00 Final Judgment entered against Ms. Walton for misconduct relating to her pursuit of the Regulation E claim, the only remaining substantive issue is Ms. Walton's TCPA claim, more specifically, "whether the five previously identified calls made by FMB's Credit Control Department to Ms. Walton's cell phone ending in 9633 regarding her Ameriana Personal Loan were made with an artificial or prerecorded voice." (Dkt. 350 at 16).

FMB has filed two motions seeking sanctions against Ms. Walton for her various transgressions, including a monetary award and dismissal of her complaint. On September 1, 2022, the Seventh Circuit entered sanctions against Ms. Walton in connection with an appeal of another, but related case, for "persist[ing] in pursuing frivolous litigation." *Walton v. First Merchants Bank*, No. 22-1240, Dkt. 14 at 3 (7th Cir. Sept. 1, 2022) (citing *Support Sys. Intern., Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)). The Seventh Circuit "direct[ed] the clerks of all federal courts in this circuit to return unfiled any papers that Walton tries to file for two years,

other than in cases concerning a criminal prosecution against her or a habeas corpus proceeding." *Id.* at 3-4. That order applies to the case before us, given that the Seventh Circuit did not include filings in pending civil cases in its enumerated exceptions to its filings bar. *See id.*

## Background

The Court conducted a two-day bench trial on October 7 and 8, 2019, and in its Findings of Fact and Conclusions of Law the Court[1] stated that Ms. Walton "should have known that her Regulation E claim was meritless, at the latest, after the Court's ruling on summary judgment." (Dkt. 286 at 20). The Court explained its denial of summary judgment on the Regulation E claim on the grounds that "there was a genuine issue of fact regarding whether Ms. Walton opted in to overdraft protection because the opt-in documents reflected a social security number that was not hers." (Dkt. 188 at 19-20). Even so, Ms. Walton knew that the opt-in documents applied to her account and reflected a social security number that appeared on several of her other bank documents. (*Id.*). Ms. Walton also "knew that the social security number discrepancy did not save her Regulation E claim. Yet, she continued to pursue it." (Dkt. 286 at 20). On this basis, the Court awarded a reimbursement of attorney's fees to FMB incurred in connection with Ms. Walton's Regulation E claim from November 28, 2018—the date of the Court's summary judgment ruling—forward. (*Id.*). The Court subsequently determined that the amount FMB was entitled to as attorney's fees was the sum of $57,751.00 and final judgment was entered accordingly. (Dkt. 306).

Thereafter, the Seventh Circuit vacated this judgment with respect to Ms. Walton's TCPA claim and remanded the case for further proceedings, while affirming the judgment in all other respects. *Walton v. First Merchant's Bank*, 820 F.3d App'x 450 (7th Cir. 2020).

---

[1] The Honorable Jane Magnus-Stinson presided over the trial. (Docket No. 286).

More than a year after the District Court imposed the Regulation E-related sanction against her and entered final judgment in the case, Ms. Walton filed a motion for relief from that judgment pursuant to Rule 60(b)(2) and (3) (Dkt. 341) and a motion to strike FMB's motion initiating proceedings supplemental to collect on that judgment (Dkt. 340). On April 26, 2021, FMB filed a motion for sanctions (Dkt. 346), arguing that both of these filings are frivolous and that, based on the Court's inherent authority, FMB should be awarded its attorney's fees for having to respond to Ms. Walton's frivolous motions. FMB also requested that the Court admonish Ms. Walton by informing her that additional frivolous filings may result in the imposition of additional sanctions, including the dismissal of her suit and restrictions placed on her ability to file new lawsuits in this Court. FMB contends that these frivolous motions must be analyzed against the backdrop of Ms. Walton's protracted history of vexatious litigation.

On May 27, 2021, the Court denied Ms. Walton's motion for relief from judgment, agreeing with FMB that the motion was "obviously untimely." (Dkt. 351 at 6). Moreover, the Court held that "Ms. Walton fail[ed] to identify any fraud or misconduct that would have prevented her from 'fully and fairly presenting [her] case at trial.'" (*Id.* at 7). The Court emphasized that "[o]f even greater concern to us is the fact that Ms. Walton's motion contains several 'factual' assertions which appear to be complete falsehoods." (*Id.*). For example, Ms. Walton had represented that "federal agencies" had reported to FMB that Mr. Horton had committed perjury at trial, in support of which allegation Ms. Walton "has submitted no documentary evidence, nor does she explain how she acquired such information." (*Id.*). Ms. Walton also provided no evidentiary support for her allegation that "Mr. Horton and Mr. Hunt were terminated from FMB and that FMB directed Mr. Tittle to withdraw as counsel for FMB in this litigation because of the aforementioned perjury." (Dkt. No. 351 at 7-8). In denying the

motion for relief of judgment, the Court noted that Ms. Walton had filed no response to FMB's motion for sanctions and that the deadline to do so had passed. (*Id.* at p. 8). The Court then ordered Ms. Walton to show cause, no later than seven days from the date of the order, why FMB should not be awarded sanctions. (*Id.*). The Court also warned Ms. Walton that a "[f]ailure to respond will result in an order granting the requested fees." (Dkt. 351 at 8).  On June 1, 2021, Ms. Walton responded stating that she "disagrees to the Defendants motion for Sanctions, in its entirety." (Dkt. 361). No further rationale for her disagreement was submitted. She further responded to the Order to Show Cause stating that she requests "the court schedule a hearing on the attorney fees that the Court will be awarding to the Defendant, and allow the Plaintiff to call witness (sic)." (Dkt. 360).

On May 28, 2021, the Court scheduled an evidentiary hearing to occur on June 18, 2021, for the purpose of hearing evidence in support of Ms. Walton's Motion to Disqualify Counsel. (Dkt. 328; Dkt. 352). However, on that same day, Ms. Walton again appealed the case to the Seventh Circuit (Dkt. 354; Dkt. 355), causing further delay in resolving the issues in this case. The second Court of Appeals' mandate based on the two notices of appeal was received on October 18, 2021. Thereafter the Court again scheduled an evidentiary hearing for December 2, 2021, for the purpose of taking evidence on Ms. Walton's Motion to Disqualify Counsel. (Dkt No. 382). On December 2, 2021, following a hearing on Ms. Walton's Motion to Disqualify Counsel, the Magistrate Judge also resolved several pending motions, including, of relevance, by denying Ms. Walton's Motion to Strike FMB's Motion for Proceedings Supplemental. (Dkt. 340). The Magistrate Judge found Ms. Walton's request to be procedurally inappropriate because a motion to strike under Fed. R. Civ. P. 12(f) applied only to pleadings, not to motions or other papers. Second, the Magistrate Judge concluded that, even when construed as a response in

opposition to FMB's proceeding supplemental motion, Ms. Walton's motion lacked absolutely any merit. (Dkt. 394 at 14).

On December 17, 2021, FMB renewed its Motion for Sanctions, pointing out that Ms. Walton has filed a Petition for Certiorari to the United States Supreme Court repeating the same falsehoods and inaccuracies she had included in her Motion for Relief from Judgment. (Dkt. 397-1). In its renewed motion, FMB sought additional sanctions, specifically, dismissal. (Dkt. 397). Instead of filing a meaningful response to that motion, Ms. Walton filed a *Motion to Strike* pursuant to Fed. R. Civ. P. 12(f), arguing that because she was seeking Certiorari to the United States Supreme Court, FMB's motion would have to be resolved there. (Dkt. 399).

**Analysis**

The Court has the inherent authority to "impose appropriate sanctions to penalize and discourage misconduct," *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). "Dismissal [under the court's inherent authority] can be appropriate when the plaintiff has abused the judicial process by seeking relief based on information that the plaintiff knows is false." *Id.* (quoting *Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015)). To authorize sanctions pursuant to its inherent authority, the Court must find "that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez*, 845 F.3d at 776.

Despite being given several opportunities to respond to the sanctions motions, Ms. Walton has rejoined with nothing more than conclusory statements. Thus, any meaningful, substantive argument she could have made to attempt to justify her conduct has been waived. *See M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported

5

by legal authority."). The record clearly reflects that Ms. Walton has opted not to defend herself, in any effective sense, against the sanctions.

Ms. Walton's Rule 60(b) motion (Dkt. 341) and her motion to strike (Dkt. 340) were determined to be plainly frivolous. Our colleague, Judge Magnus-Stinson, had previously reasoned that, despite Ms. Walton's *pro se* status, her pursuit of her Regulation E claim following entry of the Court's summary judgment ruling on November 28, 2018, was conducted "in bad faith or for purposes of harassment," thus warranting an award of attorney's fees. (Dkt. 286 at 22). The Seventh Circuit affirmed that ruling, reasoning that "Walton still pressed her claim to trial, inflicting unnecessary costs on the bank, only to admit that she had known all along that the form, though inaccurate, concerned her account." *Walton v. First Merchant's Bank*, 820 F.3d App'x 450 (7th Cir. 2020).

A reasonable litigant would have returned to the trial court ready to seek a resolution of the remaining substantive issue. Instead, Ms. Walton focused her efforts on an attempt to evade the proceedings supplemental process relating to the sanctions award (Dkt. 340), including the submission of a distorted, disingenuous rewrite of the events leading up to the imposition of the sanctions award. (Dkt. 341). Undeterred by the denial of her Motion for Relief of Judgment, Ms. Walton doubled-down on her pattern of advancing unsubstantiated "truths" in her Petition for Certiorari to the United States Supreme Court. In repeating that Mr. Hunt and Mr. Horton of FMB committed perjury at the trial and were terminated by FMB based on that alleged conduct, plainly put, she lied. (Dkt. 397-1). Ms. Walton twice advanced this same false assertion to the Court in another of her lawsuits against FMB. (*See* 1:21-cv-00419-JRS-TAB; Dkt. 70 at 2; Dkt. 81 at 2-3).

6

As referenced in the Magistrate Judge's entry detailing events related to the proceedings supplemental (Dkt. 341), Ms. Walton's efforts to evade service, ignore Court orders, and, demonstrate a disregard for the legal process continue unabated. Clearly, her purpose is simply to harass FMB and generate excessive, unjustified litigation costs on FMB. These actions have already saddled FMB with needless expense and diverted the Court's resources and attention from far more urgent cases. Ms. Walton continues to willfully abuse the judicial process through her bad faith tactics and disingenuous intentions.

For these reasons, the Court, in exercise of its inherent authority, rules that monetary sanctions against Ms. Walton are warranted. FMB's motion for sanctions as well as its renewed motion for sanctions are **granted**. Ms. Walton is thus ordered to reimburse FMB reasonable expenses, including attorney's fees, which it incurred in having to respond to her Motion for Relief from Judgment (Dkt. 341) and Motion to Strike (Dkt. 340). FMB shall file an itemized statement of attorney's fees by **October 18, 2022**.

We turn next to address Ms. Walton's failure to respond to the show cause order directing her to explain why she should not be sanctioned for her reliance on demonstrably false assertions of fact, and further to explain why sanctions for such conduct would be inappropriate. Indeed, Ms. Walton has continued to advance the same false assertions in proceedings before the undersigned judge (Dkt. 369), as well as before the Honorable James R. Sweeney and before the United States Supreme Court. (Dkt. 397-1). Prior to the Seventh Circuit's imposition of the *Mack* bar, Ms. Walton had been forewarned on numerous occasions by various judges to cease her false and defamatory assertions. *See Walton v. Claybridge Homeowners Ass'n, Inc.*, 433 F. App'x 477, 480 (7th Cir. 2011) ("[W]e warn Walton that, in addition to attorneys' fees, she may subject herself to monetary sanctions and restrictions on future suits if she continues to abuse the judicial

7

process."). In this litigation, Judge Magnus-Stinson observed that Ms. Walton's "*modus operandi*" "is to challenge the Court's decisions multiple times, through layers upon layers of filings. She often mischaracterizes her filings and the Court's orders, stating that they apply to certain orders or filings when they really apply to others." (Dkt. 216 at 4-5).

These warnings and monetary sanctions have not deterred her misconduct. As a result, the Magistrate Judge has recommended an award of attorney's fees in FMB's favor, pursuant to Federal Rule of Civil Procedure 37, and that this lawsuit be dismissed with prejudice. (Dkt. 341). We agree with both of these recommendations.

Besides the previously detailed grounds warranting sanctions, including dismissal of the lawsuit with prejudice, a few other matters warrant attention here. In August 2018, the Court found that Ms. Walton had failed to fulfill her obligation to return all copies of a document that FMB had inadvertently disclosed to her. (Dkt. 138 12:16-24). Despite the Court's direction to her to return the copies of the document, Ms. Walton attached it as an exhibit to her motion for summary judgment, requiring the Court to strike it from the public record. (Dkt. 188 at 4). Moreover, Ms. Walton has continued to utilize this privileged document in several other filings, both in this and other cases. Ms. Walton has been admonished that her continuing disregard of the Court's order can prompt further sanctions against her. (Dkt. 199). Ms. Walton has also been ordered to pay $13,108.00 in attorney's fees, pursuant to Rule 37 (Dkt. 209) and, in November 2021, the Seventh Circuit sanctioned Ms. Walton by imposing an additional $5,000, based on her refusal to "offer[] [any] justification for her persistence in pursuing this frivolous appeal after having previously been sanctioned for her frivolous litigation." (Dkt. 385 at 1) (citing *Walton v. First Merchant's Bank*, 820 F. App'x 450 (7th Cir. 2020); *Walton v. Claybridge Homeowners Ass'n, Inc.*, 433 F. App'x 477 (7th Cir. 2011)).

The *Mack* bar, imposed by the Seventh Circuit, forecloses any effort by Ms. Walton to prosecute this case until at least September 1, 2024. Consistent with our colleague Judge Hanlon's recent decision in another of Ms. Walton's cases pending in this district, dismissal of the case at bar for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) is appropriate here as well. *See Walton v. Equifax, Inc.*, 1:21-cv-00365-JPH-TAB (Dkt. 83). Ms. Walton's sanctionable misconduct led to her suspension for a period of at least two years due to her persistent, frivolous litigation tactics. *Walton*, No. 22-1240, Dkt. 14 at 3-4. "A plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution." *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000). The power to dismiss a case, *sua sponte*, for failure to prosecute, "is necessary in order to prevent undue delays in the disposition of pending cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

We hold, for all of these reasons, that dismissal of this suit is the required outcome of Ms. Walton's litigiousness marked by the many abusive tactics we have detailed above. Anything less than a dismissal would be patently unfair to FMB. The numerous forewarnings of a possible dismissal of this lawsuit have now become reality. No further notice under Rule 41(b) is required here, especially in light of the Seventh Circuit's order preventing Ms. Walton from responding to any show cause order and from resuming timely prosecution of this case. *Walton*, No. 22-1245, Dkt. 14 at 3-4.

## Conclusion

As explained, the Court **grants** FMB's Motion for Sanctions (Dkt. 346) and Renewed Motion for Sanctions (Dkt. 397). Ms. Walton's remaining single claim against FMB is **dismissed with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). On January 14, 2020, the Court entered Final Judgment against Ms. Walton and in favor of FMB as to all claims and

awarded FMB $57,751.00 in attorney's fees. (Dkt. 306). The Seventh Circuit later vacated the judgment with respect to the TCPA claim, but affirmed the judgment in all other respects. (Dkt. 311). With the exception of the TCPA claim, the Court's January 14, 2020, judgment remains of record as a partial judgment under Federal Rule of Civil Procedure 54(b). All claims have now been resolved. Final judgment shall now issue.

    **IT IS SO ORDERED.**

Date: 9/28/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEBORAH WALTON
P.O. Box 292
Carmel, IN 46082

Moncerrat Alvarez
Dentons Bingham Greenebaum
moncerrat.alvarez@dentons.com

John F. McCauley
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
john.mccauley@dentons.com

Jessica Laurin Meek
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
jessica.meek@dentons.com

Gregory A. Neibarger
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
greg.neibarger@dentons.com