UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORAH WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01888-SEB-MPB |
| | ) | |
| FIRST MERCHANTS BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AWARDING ATTORNEYS' FEES**

On September 26, 2022, the Magistrate Judge awarded Defendant First Merchants Bank ("FMB") reimbursement of its reasonable expenses, including attorneys' fees, incurred in filing the following motions against Plaintiff Ms. Debora Walton ("Ms. Walton"): Motion for Order to Show Cause (Dkt. 400), Motion to Compel (Dkt. 410), and Emergency Motion for Order to Show Cause (Dkt. 411). (Order, Dkt. 431, at 21). On September 28, 2022, the Court also granted FMB's motions for sanctions, ordering Ms. Walton to reimburse FMB its reasonable expenses, including attorneys' fees, incurred in responding to Ms. Walton's Motion to Strike (Dkt. 340) and Motion for Relief from Judgment (Dkt. 341). (Order of Dismissal, Dkt. 432, at 7). Pursuant to those Orders, FMB submitted an itemized statement dated October 18, 2022, requesting $29,323.50[1] in attorneys' fees that were

---

[1] In reviewing FMB's Report and Affidavit, the Court discovered several arithmetic errors. First, Exhibit B, a summary chart of the total fees requested, incorrectly lists a total of $29,701.50, while the correct sum of each attorney's individual fees, as provided in the summary chart, totals $31,465.50. (Dkt. 434, Ex. B). In trying to locate the source of the miscalculation, we discovered that Mr. John McCauley's hours were inaccurately reported in the summary chart, showing 12.2 hours billed at a $360 rate and 45 hours billed at a $420 rate. (*Id.*). The correct tabulation of Mr.

1

generated by the necessity of the aforementioned filings. (Rep. & Aff., Dkt. 434). Ms. Walton has filed no response to FMB's Report and Affidavit, likely because she has been foreclosed from making such filings in our district since September 1, 2022, when the Seventh Circuit entered a *Mack* bar against her. *Walton v. First Merchants Bank*, 2022 WL 3999965, at *2 (7th Cir. 2022). Thus, we proceed here to rule on Defendant's fees petition without the benefit of a response from Plaintiff.

In determining the amount of a reasonable attorneys' fee, the Court utilizes the "lodestar" method, which entails multiplying the hours reasonably expended on the litigation by the reasonable hourly rate. *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012) (citing *Pickett v. Sheridan Health Care*, 664 F.3d 632, 639–40 (7th Cir. 2011)). Though the prevailing party bears the burden of showing that its fees and hours were reasonable, it "is [also] presumptively entitled to the rate actually charged by counsel . . . ." *David v. Indiana Packers Corp.*, No. 4:21-CV-024-PPS, 2022 WL 17495870, at *1 (N.D. Ind. Dec. 7, 2022) (citing *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993)).

---

McCauley's hours, as reflected in Exhibit A's itemized list, discloses that Mr. McCauley billed 18.5 hours at an hourly rate of $360 and only 35 hours at an hourly rate of $420. (*Id.*, Ex. A).

Mr. McCauley attests that he charged $360 per hour "until August 2021, when [his] rate increased to $420." (*Id.* ¶ 7). The Report and Affidavit do not, however, indicate exactly when during August Mr. McCauley began charging his higher rate. (*Id.* ¶ 7). He recorded four entries for work during August 2021. (*Id.*, Ex. A). Thus, to determine whether Mr. McCauley's August entries should be billed at his lower or higher rate, we compared his time records to entries from Ms. Jessica Meek, whose rates similarly increased in August 2021. (*Id.* ¶ 10). Ms. Meek's single August entry was billed at her prior, lower rate. (*Id.*, Ex. B). Absent any reasonable justification to infer otherwise, we have assumed that Mr. McCauley's four August entries for that month were billed under his lower rate as well.

Based on these mathematical adjustments, we calculate the sum of $29,323.50 as the total amount of attorneys' fees, which is $378 less than FMB's requested amount. Given the overall amount of the fees awarded to FMB, we regard this variance as inconsequential.

2

FMB requests attorneys' fees for the work of four attorneys with Denton Bingham Greenebaum LLP ("the Firm"), an Indianapolis law firm, engaged by FMB to handle this litigation.

- Mr. John McCauley, a partner at the Firm, who billed 18.5 hours at the rate of $360 per hour until August 2021, after which time he billed 35 hours at the upwardly adjusted hourly rate of $420. (Rep. & Aff. ¶ 7; *id.*, Ex. A). (Both rates, we are informed, are "substantially lower" than his ordinary rates. (*Id.* ¶ 7)).

- Mr. Andrew Pendexter, a senior associate, who billed 11.1 hours at the rate of $200 (which is also "substantially lower" than his normal rate (*Id.* ¶ 8)).

- Ms. Elizabeth Traylor, a senior associate, who billed 13.1 hours at the rate of $335.[2] (*Id.* ¶ 9).

- Ms. Jessica Meek, a senior associate, who billed 5.9 hours at the rate of $200 until August 2021, after which date she billed 0.7 hours at the rate of $250 per hour. (Again, we are told, these rates are "substantially lower" than her normal rate. (*Id.* ¶ 10)).

Together, these four attorneys billed a total of 84.3 hours, generating a fee of $29,323.50. (*Id.*, Ex. A).

Having carefully reviewed FMB's Report and Affidavit, the Court concludes that a fee in the amount of $29,323.50 is reasonable and proportional to the work that was

---

[2] FMB's Report and Affidavit misstates Ms. Traylor's rate as $375; the correct rate is $335, which, when multiplied by the 13.1 hours billed, matches the calculation provided in the summary chart. (Dkt. 434 ¶¶ 9, 12; *id.*, Ex. B).

expended in this action by defense counsel acting on behalf of their client. (*See* Dkt. 305 (awarding attorneys' fees for the work of three attorneys and explaining that there is "nothing inherently unreasonable with the use of multiple attorneys in this case")). Comparable attorneys' fees have been awarded in similar cases in this district. *See, e.g.*, *Downing v. SMC Corp. Am.*, No. 120CV01954JPHMKK, 2023 WL 2526280, at *2–3 (S.D. Ind. Mar. 14, 2023) (finding that $525 and $415 were reasonable hourly fees); *Annie Oakley Enterprises. Inc. v. Amazon.com, Inc.*, No. 1:19-CV-1732-JMS-MJD, 2021 WL 2373779, at *7, *10–11 (S.D. Ind. June 10, 2021) (affirming magistrate judge's order that concluded $525 and $325 were reasonable hourly rates and that "the time billed was not excessive given the number and nature of the discovery issues that were litigated"). Moreover, given the vexatious nature of Plaintiff's litigation tactics, a total of 84.3 hours of time invested by the attorneys reflects the effort required.

Accordingly, the Court finds that FMB is entitled to a payment as reimbursement of attorneys' fees in the amount of $29,323.50 and hereby <u>ORDERS</u> Ms. Walton to pay that amount forthwith to Defendant's counsel at the law firm address below.

Dentons Bingham Greenebaum LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204

IT IS SO ORDERED.

Date:   6/29/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEBORAH WALTON
P.O. Box 292
Carmel, IN 46082

Moncerrat Alvarez
Dentons Bingham Greenebaum
moncerrat.alvarez@dentons.com

John F. McCauley
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
john.mccauley@dentons.com

Jessica Laurin Meek
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
jessica.meek@dentons.com

Gregory A. Neibarger
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
greg.neibarger@dentons.com